UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BENJAMIN WATSON, JR.; SHEILA WILEMON WATSON; SHANE WALTERS; AMANDA WALTERS; DUSTIN WALTERS; MASON WALTERS; SAMEH HAITHAM; EVELYN BRADY; SHADIN HAITHAM; JOHN ROBERT BRADY; IRVIN LAWRENCE JR.; GEORGE JOHNSON; BREANNA THOMAS; RYAN BLACKWELL; CARLY BLACKWELL; KRISTY LEHMER; JESSICA PICKETT; CURTIS PICKETT; CHARLES HOGUE; MATTHEW TINCH; JESSICA TINCH; JONATHAN GLASS; JOY GLASS; MATTHEW HOUSAM; MICHAEL HOYLAND; THOMAS C. BORTNER; GRANT LOPEZ; HEATHER LOPEZ; MATTHEW KEEBLER; and KRYSTENA KEEBLER,<br><br>*Plaintiffs*,<br><br>v.<br><br>KINGDOM OF SAUDI ARABIA,<br><br>*Defendant*. | Case No. 3:21-cv-329 |

**DEFENDANT KINGDOM OF SAUDI ARABIA'S MOTION TO STAY**

Pursuant to Rules 26(c) and 29(b) of the Federal Rules of Civil Procedure and Local Rule 7.1, Defendant Kingdom of Saudi Arabia ("Saudi Arabia") respectfully requests a preliminary two-week stay of proceedings.  The parties met and conferred on March 9, 2026, and Plaintiffs consented to Saudi Arabia's request, subject to the conditions set forth in paragraph 7 below.

1. On March 3, 2026, the District Court ordered 90 days of jurisdictional discovery and stated that "[t]he case is referred to the Magistrate Judge to determine the precise limits and scope of this discovery."  ECF No. 90 at 9.

2. On March 4, 2026, this Court ordered the parties to meet and confer by March 9, 2026 and to submit a joint status report by March 12, 2026 regarding their agreements and disputes on Plaintiffs' jurisdictional discovery requests.  ECF No. 91 at 1-3.

3. Following the March 3 and March 4 orders, counsel for Saudi Arabia have made prompt and diligent efforts to confer with their client, regarding Plaintiffs' jurisdictional discovery requests.  Among other materials, Plaintiffs' requests seek "primary sources . . . [that] exist only within [Saudi Arabia]'s personnel, intelligence, and/or defense files," such as the security protocols and files of the Royal Saudi Air Force ("RSAF") and Ministry of Defense.  ECF No. 89 at 30-31.  Counsel anticipate that Saudi Arabia may contest the requested discovery on grounds including that the requests (1) exceed the proper scope of

jurisdictional discovery; (2) seek information that is not, in fact, within Saudi Arabia's possession, custody, or control; (3) seek information that is classified, prohibited from disclosure under Saudi law, privileged, or otherwise not subject to discovery because of a protected interest belonging to Saudi Arabia; and (4) seek information over which another government, such as the United States, may assert classification, privilege, or another protected interest that Saudi Arabia has agreed to respect.

4. Because Saudi Arabia is an ally of the United States, the recent outbreak of hostilities in the Middle East has included direct attacks by Iran on Saudi Arabia. As a result, Saudi Arabia's defense and intelligence agencies – including the RSAF in particular – are engaged in protecting their country. At this time, counsel have not yet been able to confer sufficiently with Saudi Arabia to respond in a substantive and productive way to Plaintiffs' requests. Accordingly, on behalf of Saudi Arabia, counsel respectfully ask this Court to stay discovery to allow that process to occur.

5. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort

for itself, for counsel, and for litigants."). Moreover, stays of discovery may be granted under Federal Rule of Civil Procedure 26(c) on a showing of "good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quotation omitted). The parties also may modify discovery procedures by stipulation. *See* Fed. R. Civ. P. 29(b); *e.g.*, Order, *Ukraine v. PAO Tatneft*, No. 1:21-mc-376 (S.D.N.Y. Mar. 4, 2022), ECF No. 57 (entering stipulated discovery moratorium after onset of Russia-Ukraine war).

6. Saudi Arabia therefore requests a two-week stay of proceedings, including a stay of the order to submit a joint status report, from March 12, 2026, to March 26, 2026. Saudi Arabia proposes that on March 26, it submit a status report to the Court on the appropriateness of a further stay. It cannot be predicted how long the present hostilities will last and how burdensome to Saudi Arabia's government they will become. Saudi Arabia thus reserves the right to seek a broader stay of proceedings until hostilities have ended.

7. Plaintiffs have consented to this request, subject to the following two conditions: (a) that the 90-day discovery period set by the District Court's order should be tolled during the stay, and (b) that the stay not affect Plaintiffs' ability to seek discovery from third parties, including the United States. Saudi Arabia does not object to the tolling of the 90-day period, and does not object to third-party discovery moving forward during the stay, but reserves its right to object to

particular discovery requests that implicate Saudi Arabia's own confidentiality or comity interests (such as, for example, sensitive documents or information in the hands of the United States).  Saudi Arabia also reserves its right to object, after the stay is lifted and the 90-day period resumes running, to third-party discovery that would exceed that 90-day period.

Dated:  March 10, 2026                Respectfully submitted,

/s/ Benjamin H. Brodsky
Benjamin H. Brodsky
Florida Bar No. 73748
Brodsky Fotiu-Wojtowicz, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel: (305) 503-5054
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

Michael K. Kellogg (*pro hac vice*)
Gregory G. Rapawy (*pro hac vice*)
Andrew C. Shen (*pro hac vice*)
Kellogg, Hansen, Todd,
   Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
mkellogg@kellogghansen.com
grapawy@kellogghansen.com
ashen@kellogghansen.com

*Counsel for the Kingdom of Saudi Arabia*

## LOCAL RULE 5.1(F) CERTIFICATION

I, Benjamin H. Brodsky, hereby certify that on March 10, 2026, I caused a true and correct copy of the foregoing Motion to Stay to be served via the CM/ECF system to all parties or counsel of record that have entered appearances in this action.

## LOCAL RULE 7.1(C) CERTIFICATION

I, Benjamin H. Brodsky, hereby certify that on March 9, 2026, the parties met and conferred regarding the Motion, and Plaintiffs indicated that they consent to the relief sought herein.

By: */s/* Benjamin H . Brodsky
Benjamin H. Brodsky, Esq.