UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BENJAMIN WATSON, JR., et al.

      Plaintiffs,

v.

KINGDOM OF SAUDI ARABIA,

      Defendant.

Case No.:
3:21-cv-329-MCR-ZCB

## THE UNITED STATES OF AMERICA'S MOTION TO QUASH PLAINTIFFS' SUBPOENA FOR DOCUMENTS

The United States of America hereby moves this Court to quash Plaintiffs' subpoena requesting documents in connection with the above-identified case. The United States is a third party to this litigation.

## BACKGROUND

On March 24, 2026, Plaintiffs served the United States Attorney's Office for the Northern District of Florida (DOJ) with a *Touhy* request and subpoena for documents. (*See* Ex. 1). The request seeks DOJ investigatory records for jurisdictional discovery regarding a claim of gross negligence against Saudia Arabia for its hiring, vetting, and sending of Al-Shamrani to the United States. Plaintiffs also request information relating to Saudi Arabia's knowledge leading up to the incidents of December 6, 2019, including: (i) DOJ and FBI's review of Al-

Shamrani's electronic devices, (ii) DOJ and the FBI's knowledge of Al-Shamrani's motivations, (iii) information that the Kingdom of Saudi Arabia provided to DOJ and the FBI concerning Al-Shamrani's beliefs, and (iv) documents that DOJ relied upon in its investigation of Al-Shamrani.  (*See id*.).

On April 21, 2026, DOJ denied Plaintiffs' *Touhy* request under DOJ's *Touhy* Regulations, 28 C.F.R. §§ 16.21-16.28, and provided them with a detailed explanation. (*See* Ex. 2).

## ARGUMENT

### I.    The Department of Justice's *Touhy* Regulations

Supreme Court caselaw recognizes the authority of federal agencies to regulate the disclosure of their information. In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Court held that a federal employee could not be held in contempt for refusing to produce subpoenaed documents, where his refusal was based on regulations prohibiting the disclosure of official information without prior authorization. *Id.* at 468.

Plaintiffs' request for documents held by the Department of Justice (DOJ) is governed by its *Touhy* regulations, 28 C.F.R. §§ 16.21-16.28. The United States is not a party in this case, and information cannot be disclosed without prior approval of the proper Department official in accordance with Sections 16.22, 16.24, 16.25, and 16.26(a)-(b). Section 16.26(a) states that "[i]n deciding whether to make

2

disclosures pursuant to a demand, Department officials and attorneys should consider: (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege." *Id.* at § 16.26(a).

The Department's *Touhy* regulations also prohibit the production of DOJ material if any of the factors specified in § 16.26(b) exist. Those factors include:

> (1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, Fed R. Crim. P., Rule 6(e), (2) Disclosure would violate a specific regulation; (3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency, (4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection, (5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired, (6) Disclosure would improperly reveal trade secrets without the owner's consent.

*Id*. at § 16.26(b).

## II.    Plaintiffs' Subpoena Should be Quashed Under DOJ's *Touhy* Regulations.

The Government's motion to quash is governed by three principles guiding DOJ's disclosure of information: (1) the Housekeeping Statute authorizing DOJ to adopt *Touhy* regulations concerning production of government documents, 5 U.S.C. § 301, (2) DOJ's consideration of several factors set forth in its *Touhy* regulations when deciding whether to produce documents, 28 C.F.R. §§ 16.21, *et seq*.; and (3)

whether DOJ's decision to authorize or preclude discovery is arbitrary and capricious under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See Westchester Gen. Hosp., Inc. v. Dep't of Health and Human Servs.*, 443 F. App'x 407, 409 n.1 (11th Cir. 2011). Under the arbitrary and capricious standard, the court does not substitute its "judgment for the agency's as long as its conclusions are rational." *See Miccosukee Tribe of Indians of Fla. v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009); *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991) ("[T]he district court could only overturn [the agency's] action if such action was arbitrary, capricious, an abuse of discretion, or otherwise not contrary to law.") (per curiam). If the Court finds that DOJ considered the relevant factors and arrived at a rational conclusion, then the court should not find that DOJ's decision to deny Plaintiffs' discovery request was arbitrary and capricious. *See Westchester*, 443 F. App'x at 410 (finding that the agency adequately considered the relevant factors and that denying the discovery request was not arbitrary and capricious).

In this case, DOJ denied Plaintiffs' request for documents and provided its detailed reasoning after carefully considering DOJ's *Touhy* Regulations. (*See* Ex. 2.) DOJ's response explained that the documents Plaintiffs requested are protected from disclosure under Section 16.26 of DOJ's *Touhy* regulations, including information that is: privileged (§16.26(a)), subject to grand jury (§16.26(b)(1)), classified (§16.26(b)(3)), and investigatory records (§16.26(b)(5)). DOJ's rationale is

4

reasonable and based on relevant factors and therefore provides appropriate grounds for the denial of Plaintiffs' request. *See, e.g., Robert L. Pitts, et al. v. United States*, -- F. Supp. 3d --, 2026 WL 915679 (N.D. Ga. Mar. 26, 2026) ("[B]ecause the Court finds that DOJ's decision to deny Petitioners' revised Touhy request was not arbitrary and capricious, it finds that the subpoena should be quashed."); *Town of SW Ranches v. US DHS*, No. 15-cv-21924, 2016 WL 4264049, *5 (S.D. Fla. Aug. 12, 2016) ("[T]he agency considered each of the relevant governing *Touhy* factors and arrived at a rational conclusion in its final denial of [plaintiff's] *Touhy* request.").

Alternatively, the Government asserts that the Subpoena should be quashed under Rule 45 because it requires disclosure of privileged or other protected material. *See* Fed. R. Civ. P. 45(d)(3)

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests the Court to quash Plaintiffs' subpoena for documents.

Respectfully submitted,

JOHN P. HEEKIN
UNITED STATES ATTORNEY

*/s/ John C. Spaccarotella*
**John C. Spaccarotella**
Assistant United States Attorney
New York Registration No: 4304291
21 E. Garden Street, Suite 300
Pensacola, FL 32502
Telephone:  850-444-4046

John.Spaccarotella@usdoj.gov
Counsel for Defendant

## LOCAL RULE 7.1(B) CERTIFICATION

I HEREBY CERTIFY that on April 21, 2026, I emailed counsel for Plaintiff at Matthew S. Mokwa, Esq. (mmokwa@maherlawfirm.com) and Jeffrey E. McFadden, Esq. (jmcfadden@jmcfaddenlaw.com) indicating that DOJ intended on filing a motion to quash, and requesting Plaintiffs' position on the motion. More than 24 hours have passed and Plaintiffs have not responded, which the United States interprets as an opposition to the relief requested herein.

## LOCAL RULE 7.1(F) CERTIFICATION

I certify that this paper contains 1000 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

## LOCAL RULE 5.1(F) CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing has been furnished via CM/ECF to all interested parties, this 22rd day of April, 2026.

/s/ John C. Spaccarotella
**JOHN C. SPACCAROTELLA**
Assistant United States Attorney