

**U. S. Department of Justice**

*John P. Heekin*
*United States Attorney*
*Northern District of Florida*

---

*111 North Adams Street*
*4th Floor, U. S. Courthouse*
*Tallahassee, FL 32301-1841*
*Telephone (850)942-8430*
*Fax (850)942-8424*

*300 East University Avenue*
*Suite 310*
*Gainesville, FL 32601-3460*
*Telephone (352)378-0996*
*Fax (352)337-2653*

*Mailing Address:*
*401 SE 1st Avenue, Suite 211*
*Gainesville, FL 32601-3330*

*21 East Garden Street*
*Suite 400*
*Pensacola, FL 32502-5675*
*Telephone (850)444-4000*
*Fax (850)434-9050*

Reply to: Pensacola

April 21, 2026

Matthew S. Mokwa, Esq.
THE MAHER LAW FIRM, P.A.
398 W. Morse Blvd., Suite 200
Winter Park, Florida 32789
mmokwa@maherlawfirm.com

Jeffrey E. McFadden, Esq.
Law Offices of Jeffrey E. McFadden, LLC
312 Prospect Bay Drive East
Grasonville, MD 21638
jmcfadden@jmcfaddenlaw.com

> RE:   *Touhy* Request regarding *Watson, et al., v. Kingdom of Saudi Arabia*,
>       No. 3:21-cv-329-MCR-ZCB (N.D. Fla.)

Dear Messrs. Mokwa and McFadden:

I write in response to your *Touhy* request and subpoena for records concerning the events leading up to the December 6, 2019, terrorist attack at Naval Air Station Pensacola and DOJ's investigation related to Al-Shamrani. For the reasons set forth below, your request for such information is denied in accordance with the Department of Justice's *Touhy* regulations, 28 C.F.R. §§ 16.21-16.28. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

Your request states that "DOJ records are sought solely for [] jurisdictional discovery" regarding your claim of gross negligence against Saudia Arabia for its alleged hiring, vetting, and sending of Al-Shamrani to the United States. In seeking jurisdictional discovery regarding Saudi Arabia's knowledge before the incidents of December 6, 2019, your requests seek information from DOJ regarding (i) DOJ and FBI's review of Al-Shamrani's electronic devices, (ii) DOJ and the FBI's knowledge of Al-Shamrani's motivations, (iii) information that the Kingdom of Saudi Arabia provided to DOJ and the FBI concerning Al-Shamrani's beliefs, and (iv) documents that DOJ relied upon in its investigation of Al-Shamrani.

The United States is not a party in this civil action. As such, DOJ cannot produce any material contained in its files; or disclose any information relating to or based upon material contained in its files; or disclose any information or produce any material acquired during official duties without prior approval of the proper Department official. *See* 28 C.F.R. § 16.22. The materials you request "involves information that was collected, assembled, or prepared in connection with litigation or an investigation supervised," by the United States Attorney's Office for the Northern District of Florida and therefore must be consistent with the factors specified in Sections 16.26(a) and (b). *See* 28 C.F.R. § 16.24(d). As explained below, disclosure is not warranted under those Sections.

First, the information requested was obtained by DOJ and the FBI during the investigation of the events of December 6, 2019, and therefore protected from disclosure under the law enforcement investigatory privilege. *See* 28 C.F.R. §§ 16.26(a)(2). This privilege "protects from disclosure files and reports of criminal and civil law enforcement investigations." *Fed. Elec. Comm'n v. Rivera*, 335 F.R.D. 541, 547 (S.D. Fla. 2020) ("The purpose of the privilege is to prevent disclosure of law enforcement techniques and procedures . . . and otherwise prevent interference in an investigation.") (citing *United States v. Van Horn*, 789 F.2d 1492, 1507 (11th Cir. 1986). "Under federal common law, there is a qualified privilege which protects disclosure of information contained in criminal investigations." *JTR Ent., LLC v. Unknown Qty of Col. Emeralds*, 297 F.R.D. 522, 529 (S.D. Fla. 2013) (citation omitted). "[T]he privilege may be raised by the department having control over the documents at issue." *Id*.

Second, under Section 16.26(b)(5), because the investigation is ongoing such disclosure would reveal "investigatory records compiled for the law enforcement purposes, and would interfere with enforcement proceedings or disclose

investigative techniques and procedures the effectiveness of which would thereby be impaired." *See Robert Pitts v. United States*, -- F. Supp. 3d --, 2026 WL 915679, *6 (N.D. Ga. Mar. 26, 2026) (quashing petitioner's subpoena because the information sought from DOJ in part fell under Section 16.26(b)(5)).

Third, the disclosure of the materials requested would violate the grand jury secrecy rule, which prevents the disclosure of matters "occurring before the grand jury." *See* 28 C.F.R. § 16.26(b)(1); Fed. R. Crim. P. 6(e); *see also Doe v. U.S*, No. 08-CV-80736-KAM, 2015 WL 4077440 (S.D. Fla. Jul. 6, 2015) (denying access to materials that the Government presented to grand juries during their investigation).

Finally, the information sought contains classified information, which has not been declassified, and therefore are precluded from disclosure under Section 16.26(b)(3). Here, it goes without saying that DOJ cannot provide additional reasoning for its decision, because that reasoning could reveal the classified information itself.

In consideration of your document requests in your subpoena under DOJ's *Touhy* regulations, 28 C.F.R. §§ 16.21-16.28, the disclosure of the information is unwarranted and therefore your requests are denied.

Sincerely,

JOHN P. HEEKIN
United States Attorney

*/s/ John C. Spaccarotella*
JOHN C. SPACCAROTELLA
Assistant United States Attorney

3