**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| **BENJAMIN WATSON, JR., et al.** | |
| **Plaintiffs,** | **Case No.:** |
| | **3:21-cv-329-MCR-ZCB** |
| **v.** | |
| **KINGDOM OF SAUDI ARABIA,** | |
| **Defendant.** | |

**THE UNITED STATES OF AMERICA'S REPLY TO ITS
MOTION TO QUASH PLAINTIFFS' SUBPOENA FOR DOCUMENTS**

Plaintiffs exaggerate the government's position by erroneously stating that DOJ acknowledged and admitted that Plaintiffs' requests are "relevant, discrete and narrowly tailored." ECF 102 at 3, 11. That is not the government's position and the government makes no such concession. The government is a nonparty and takes no position on whether the documents requested, to the extent any exist, are relevant to Plaintiffs' claims. DOJ's *Touhy* regulations require Plaintiffs to provide a "summary of the information sought and its relevance to the proceedings." 28 C.F.R. 16.22. Plaintiffs provided a summary through the subpoenaed document requests and stated how they believed those documents were relevant to jurisdictional discovery. *See* ECF 98-1. The government only acknowledges that Plaintiffs provided the required *Touhy* statement.

Plaintiffs then try to fabricate a discovery dispute where none exist because the subpoena provided at ECF 98-1 was served on KSA and not DOJ. *See* ECF 102, n.1. But KSA's counsel – located in Washington D.C. – provided DOJ with a courtesy copy of the subpoenas served upon them. ECF 98-1. Nothing nefarious as Plaintiffs suggest. Indeed, Plaintiffs' entire argument is a disagreement with DOJ's final decision but cloaked in an APA review. Plaintiffs cannot meet their "heavy burden" of showing that DOJ's decision-making process was arbitrary and capricious under the APA, which Plaintiffs admit applies here, and is "exceedingly deferential to the agency." *Jones Total Health Care Pharm., LLC v. DEA*, 881 F.3d 823, 829 (11th Cir. 2018); *Legal Envtl. Assistance Found. v. E.P.A.*, 276 F.3d 1253, 1265 (11th Cir. 2001) ("a party seeking to have a court declare an agency action to be arbitrary and capricious carries a heavy burden indeed."). Under the APA, the court does not substitute its "judgment for the agency's as long as its conclusions are rational." *See Miccosukee Tribe of Indians of Fla. v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009).

DOJ considered Plaintiffs' requests in view of DOJ's *Touhy* regulations and rendered its decision accordingly. Nothing more is needed.

***1.    Plaintiffs are wrong about DOJ's alleged conclusory assertions, categorical denials, and generalized assertions.***

Plaintiffs wrongly assert that DOJ provided conclusory assertions, categorical denials, and generalized assertions. *See* ECF 102 at 2, 8. Plaintiffs misinterpret

DOJ's *Touhy* regulations as shown in their misplaced reliance on *In re: 3M Combat Arms Earplug Prod. Liab. Lit. v. 3M Company*, No. 3:19-md-2885, 3:20-mc-55, 2020 WL 6274824 (N.D. Fla. Oct. 26, 2020). *See* ECF 102 at 8-10. In *3M Combat*, the government sought to quash the deposition of an employee for entirely procedural issues – undue burden, duplicative discovery, and timeliness – under Rules 26 and 45 of the Federal Rules of Civil Procedure. *3M Combat*, 2020 WL 6274824, *4. The government had already produced documents related to the employee's evaluation but then objected on procedural grounds to a deposition for him to explain the documents by focusing "exclusively on the purported burden to the Department." *Id* at *5. The Court rejected the "generalized assertions" of *undue burden* without further evidence such as a declaration. *Id*. at *7. In short, using the "too busy" excuse would invite an "impermissible blanket ban" on all discovery. *Id*. at *5. The Court also found that the other procedural defects did not apply because the subpoena was not duplicative nor untimely. *Id*. The *3M Combat* case is very different from the current case in which the government has not made any procedural objections but instead has analyzed Plaintiffs' specific requests for information.[1]

---

[1] As explained above, the government does not concede that the discovery sought is relevant to the jurisdiction of Plaintiffs' claims, but nevertheless DOJ did not object on relevance grounds because Plaintiffs provided a relevancy statement that *Touhy* requires.

3

A recent case in the North District of Georgia is instructive on DOJ's *Touhy* regulations. In *Robert L. Pitts, et al. v. United States*, -- F. Supp. 3d --, No. 1:26-cv-00809, 2026 WL 915679, *5-6 (N.D. Ga. Mar. 26, 2026), DOJ prohibited the disclosure of testimony under 28 C.F.R. 26(b)(5) even though the witness's affidavit was public and Petitioners had agreed to avoid uncovering any privileged information. DOJ argued, however, that the "process and scope of the DOJ's investigation would be implicated." *Id*. at *6. The court found that "it was not clear error for the DOJ to deny the request. . . . The relevant regulations contemplate and prohibit such disclosure, and the DOJ's denial on this basis does not evince clear error." *Id*. The *Pitts* court granted the government's motion to quash and ruled that DOJ's *Touhy* denial was not arbitrary and capricious.[2]

Here, the government considered Plaintiffs' specific requests for documents and articulated four substantive objections based on the relevant *Touhy* regulations, including the law enforcement investigative privilege [§16.26(a)(2)], grand jury materials [§16.26(b)(1)], classified information [§16.26(b)(3)], and investigatory

---

[2] In *Pitts*, DOJ's *Touhy* denial simply stated, "Because the topics on which you wish to question SA Evans involve the subject of an ongoing federal criminal investigation, your request falls squarely within § 16.26(b)(5), which prohibits authorizing testimony that 'would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired.' *Id*. § 16.26(b)(5)." *See* Case No. 1:26-cv-00809, at ECF 56-4 (N.D. Ga. Mar. 18, 2026).

records [§16.26(b)(5)]. *See* ECF 98-2. In addition to prohibiting disclosure due to substantive privileges under Section 26(a)(2), DOJ "***will not approve*** disclosure if the circumstances specified" in paragraphs 26(b)(1) through 26(b)(6) exist. *See* 28 C.F.R. 16.26(c). "[A]s long as a reasonable relationship exists between the agency's findings resulting from consideration of the relevant information and the action taken, a 'court is not to substitute its judgment for that of the agency.'" *Heartland Pharm., Inc. v. Rosen*, No. 21-14037, 2021 WL 650350, \*6 (S.D. Fla. Feb. 18, 2021) (quoting *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 16 (2020) (discussing whether the government's decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment under the arbitrary and capricious standard)).

### 2.    *Plaintiffs mis-interpret Touhy's privileges.*

Plaintiffs' argument on privileges is misguided. *See, e.g.,* ECF 102 at 13-16. First, nowhere does DOJ rely on its *Touhy* regulations to create an independent privilege. Second, the proper inquiry is whether DOJ reached a 'rational conclusion' regarding privilege, not whether the privilege applies.

To be sure, "DOJ's *Touhy* regulations permit the agency to withhold information on the basis of privilege." *See Robert L. Pitts v. United States*, No. 1:26-cv-809, 2026 WL 1239296, \*5 (N.D. Ga. Apr. 30, 2026). Under 28 C.F.R. 16.26(a)(2), DOJ asserted the law enforcement investigatory privilege – "the

relevant substantive law concerning privilege" – as the first of four independent bases to deny Plaintiffs' document requests. *See* ECF 98-2; *Fed. Elec. Comm'n v. Rivera*, 335 F.R.D. 541, 547 (S.D. Fla. 2020) ("The purpose of the privilege is to prevent disclosure of law enforcement techniques and procedures . . . and otherwise prevent interference in an investigation.") (citing *United States v. Van Horn*, 789 F.2d 1492, 1507 (11th Cir. 1986); *JTR Ent., LLC v. Unknown Qty of Col. Emeralds*, 297 F.R.D. 522, 529 (S.D. Fla. 2013) ("Under federal common law, there is a qualified privilege which protects disclosure of information contained in criminal investigations.")).

DOJ then articulated to Plaintiffs its decision regarding its assertion of the law enforcement investigatory privilege:

> First, the information requested was obtained by DOJ and the FBI during the investigation of the events of December 6, 2019, and therefore protected from disclosure under the law enforcement investigatory privilege. *See* 28 C.F.R. §§ 16.26(a)(2). This privilege "protects from disclosure files and reports of criminal and civil law enforcement investigations." *Fed. Elec. Comm'n v. Rivera*, 335 F.R.D. 541, 547 (S.D. Fla. 2020) ("The purpose of the privilege is to prevent disclosure of law enforcement techniques and procedures . . . and otherwise prevent interference in an investigation.") (citing *United States v. Van Horn*, 789 F.2d 1492, 1507 (11th Cir. 1986). "Under federal common law, there is a qualified privilege which protects disclosure of information contained in criminal investigations." *JTR Ent., LLC v. Unknown Qty of Col. Emeralds*, 297 F.R.D. 522, 529 (S.D. Fla. 2013) (citation omitted). "[T]he privilege may be raised by the department having control over the documents at issue." *Id*.

6

*See* ECF 98-2. DOJ's decision was not arbitrary and capricious because nothing more is needed. *See Pitts*, 2026 WL 1239296 at *6 ("DOJ's conclusion that the identified privileges bar releasing this information is a rational one, so the Court must uphold it under the deferential arbitrary and capricious standard of review.").

Importantly, the issue here is not whether DOJ was right or wrong in its privilege assertion, but whether its decision to withhold the materials based on the privilege was arbitrary and capricious. *See, e.g., Gulluni v. Levy,* 85 F.4th 76, 85 (1st Cir. 2023); *Pitts*, 2026 WL 1239296 at *5 ("The relevant inquiry is whether it was arbitrary and capricious for Respondent to withhold evidence on this ground—not the substantive privilege inquiry itself. Put another way, the Court must decide whether withholding evidence on the basis of privilege was a 'rational conclusion,' not whether privilege applies.").

In *Gulluni v. Levy*, an instructive case before the First Circuit Court of Appeals, the Court upheld DOJ's *Touhy* denial based on the law enforcement privilege. 85 F.4th at 85. In that case, DOJ stated that "disclosure of the requested materials would reveal records compiled for investigative purposes and would interfere with these ongoing law enforcement proceedings." *Id.* The court found that "DOJ's denial was not arbitrary and capricious given its reasoned consideration of Gulluni's request compared to its own legitimate interest in safeguarding its determinations." *Id*. at 86 (affirming the district court decision, 626 F. Supp. 3d 323

7

(D. Mass. 2022), which ruled that "DOJ's denial of the request was reasonable under the deferential standard of review prescribed by the APA based on the department's interest in preserving the materials . . . .").

The out-of-Circuit cases cited by Plaintiffs further support the government's position regarding its right to assert claims of privilege. *See, e.g., N.L.R.B. v. Capitol Fish Co.*, 294 F.2d 868, 874 (5th Cir. 1961) ("Courts have often recognized that government papers may be privileged because of their confidential nature."); *U.S. v. Reynolds*, 345 U.S. 1, 10-11 (1953) ("Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers. Yet we will not go so far as to say that the court may automatically require a complete disclosure to the judge before the claim of privilege will be accepted in any case."). "The government is also free to raise any possible claims of privilege from testimonial compulsion that may rightly be available to it. The Federal Rules of Evidence specifically provide that common law governs privileges recognized by federal courts." *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) ("We acknowledge the government's serious and legitimate concern that its employee resources not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations. However, we are confident that district courts can, and will, balance the government's concerns under the general rules of discovery.").

### 3.    *Investigator Crowder and FBINAA.*

Investigator Crowder attended a presentation by the FBI National Academy Associates, Inc. ("FBINAA") where he apparently witnessed several categories of publicly available information. *See* ECF 102 at 11-12, 17. *First*, FBINAA is a non-profit private organization that is not part of the FBI and is independent of the federal government.[3] There is no indication that DOJ – or even the FBI for that matter – was involved, authorized disclosure of any of its materials, or that any of the information came from DOJ files. *Second*, while the FBI is a component of DOJ, to request FBI information Plaintiffs must make a separate demand to the "the official in charge of the **_bureau_** . . . responsible for the collection, assembly, or other preparation of the material demanded." *See* 28 C.F.R. §§ 16.22, 16.24. This motion only concerns the *Touhy* demand and subpoena to DOJ.[4]

Here, as explained above in Section 1, DOJ denied Plaintiffs' requests under four separate *Touhy* regulations: 16.26(a)(2) and 16.26(b)(1), (3), and (5). Any waiver under paragraphs (b)(1) to (b)(6) must come from the agency itself. "This

---

[3] *See* https://www.fbinaa.org/

[4] DOJ's *Touhy* regulations apply to the FBI because it is an agency within DOJ. For *Touhy* requests directed to the FBI, the FBI is the originating component and DOJ is the responsible official, and each have specific but different roles in analyzing and deciding whether disclosure is appropriate. *See* 28 C.F.R. 16.21 *et seq.*; *see also MacDermott v. Shelabarger*, No. 24-cv-1234, 2025 WL 946987, *4 (D. Minn. Jan. 2, 2025) (explaining the *Touhy* process when an agency within DOJ is served with a *Touhy* request and subpoena).

court has upheld *Touhy* regulations . . . which prohibit the agency's employees from testifying in private litigation absent a ***waiver from the agency***." *Truex v. Allstate Inc. Co.*, 233 F.R.D. 188, 190 (D.D.C. 2006) (emphasis added). Plaintiffs blur the lines between substantive-law privilege waivers with *Touhy* waivers. And even under the substantive-law privilege [26(a)(2)], waiver would not apply because the information identified by Investigator Crowder came from FBINAA – an entity independent from DOJ and the FBI. "The court's role is to ensure that the agency came to a rational conclusion, not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008); *Motor Veh. Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 28, 43 (1983) ("[W]e must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.") (citations omitted)).

One possible fix for Plaintiffs to get the FBINAA information that was purportedly "shared" by the FBI (ECF 102 at 17), however, would be for Plaintiffs to subpoena FBINAA for the presentation. *See* Fed. R. Civ. P. 26(b)(2)(C). There is no indication that Plaintiffs have done this.

**4.      *Plaintiffs' arguments regarding Victim Witness Protection are misplaced.***

Plaintiffs cite out of context DOJ's guidelines for victim and witness assistance. *See* ECF 102 at 12-13.[5] The Guidelines are not a template for nonparty discovery but rather are directed towards "Protecting the integrity of an investigation, ensuring security of persons, and providing for prosecutorial discretion are of essential importance to the Department's ability to pursue justice." *Guidelines at* 4. The Guidelines reiterate that DOJ's client is the United States, and DOJ must act in the best interest of the United States to protect sensitive information. *Id*. at 5, 8. The Guidelines do not create any procedural or substantive rights or establish procedural or substantive standards of conduct or care enforceable at law in any matter, civil or criminal. *Id*. at 80; *see, e.g., Pac. Gas & Elec. Co. v. Fed. Power Comm'n*, 506 F.2d 33, 38 (D.C. Cir. 1974) (contrasting properly adopted substantive rules, which establish a standard of conduct with the force of law, from general statements of policy, which do not establish a "binding norm").

**5.      *Plaintiffs' remaining arguments are red herrings and without merit.***

Plaintiffs complain about the lack of declarations, privilege logs, description of investigative techniques, pending enforcement proceedings, grand jury materials, and classified information. But the information Plaintiffs seek – disguised as requests for an articulated rational connection – are red herrings and an attempt to

---

[5] Citing www.justice.gov/d9/pages/attachments/2022/10/21/new_ag_guidlines_for_vwa.pdf [hereinafter "*Guidelines*"].

end-run DOJ's *Touhy* regulations by getting prohibited information through other means. DOJ's *Touhy* regulations do not permit disclosure of that information, *i.e.*, investigative techniques, pending enforcement proceedings, grand jury materials, and classified information. "Simply put, [plaintiff's] request seeks additional information as to the reasoning behind the Agency's decision, which would ultimately 'reveal the internal deliberative processes,' [] and which, under [the agency's] *Touhy* regulations, is an appropriate basis for the denial of [plaintiff's] request. Thus, the Court cannot say that [the agency's] decision was arbitrary, capricious, or a clear error of judgment." *Town of SW Ranches v. US DHS*, No. 15-cv-21924, 2016 WL 4264049, *5 (S.D. Fla. Aug. 12, 2016) ("[T]he agency considered each of the relevant governing *Touhy* factors and arrived at a rational conclusion in its final denial of [plaintiff's] *Touhy* request.").

Plaintiffs repeatedly ignore the relevant context of their discovery requests: DOJ's decision under the ***APA's arbitrary and capricious standard***. *See Westchester Gen. Hosp., Inc. v. HHS*, 443 F. App'x 407, 411 (11th Cir. 2011) (upholding the district's denial of discovery, because under Touhy the agency adequately considered the relevant factors and its decision contained no clear error of judgment); *see also In re Terroist Attacks on Sep. 11., 2001*, 523 F. Supp. 3d 478, 494 (S.D.N.Y. 2021) ("When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the

agency's resources."). DOJ considered Plaintiffs' four separate requests for documents in view of DOJ's *Touhy* regulations. *See* ECF 98-2. DOJ denied Plaintiffs' request based on four separate and independent reasons and communicated that decision to Plaintiffs. *Id*. Plaintiffs disagree with DOJ's decision, but DOJ's decision was not arbitrary and capricious.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court to quash Plaintiffs' subpoena for documents because DOJ's denial under its *Touhy* regulations was not arbitrary and capricious.

## REQUEST FOR HEARING

The United States believes that Plaintiffs cannot carry their heavy burden of showing that DOJ's decisions under *Touhy* were arbitrary and capricious. If the Court would find it helpful, however, the United States welcomes the opportunity for an in-person evidentiary hearing where it can present further information to the Court *in camera* and under seal.

\*   \*   \*

13

Respectfully submitted,

JOHN P. HEEKIN
UNITED STATES ATTORNEY

*/s/ John C. Spaccarotella*
**John C. Spaccarotella**
Assistant United States Attorney
New York Registration No: 4304291
21 E. Garden Street, Suite 300
Pensacola, FL 32502
Telephone:  850-444-4046
John.Spaccarotella@usdoj.gov
*Counsel for the United States of America*

## LOCAL RULE 7.1(F) CERTIFICATION

I certify that this paper contains 2981 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

## LOCAL RULE 5.1(F) CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing has been furnished via CM/ECF to all interested parties, this 15th day of May, 2026.

*/s/ John C. Spaccarotella*
**JOHN C. SPACCAROTELLA**
Assistant United States Attorney

14