**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

BENJAMIN WATSON, JR., *et al.*,          )
                                         )
      Plaintiffs,                      )
                                         )
                                         )          Civil Action No.
                                         )          3:21-cv-00329-MCR-ZCB
                                         )
      v.                               )
                                         )
                                         )
KINGDOM OF SAUDI ARABIA                  )
                                         )
      Defendant.                       )
_____ )

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO TOUHY
REQUESTS AND RULE 45 SUBPOENAS SERVED ON THE FBI,
DEPARTMENT OF STATE AND DEPARTMENT OF THE NAVY**

Plaintiffs respectfully move to compel responses to Plaintiffs' Rule 45 subpoenas and Touhy requests served on the Federal Bureau of Investigation ("FBI"), United States Department of State ("DOS"), and United States Department of the Navy ("Navy"). Plaintiffs bring this Motion pursuant to Section 706(1) of the Administrative Procedure Act ("APA") and Rule 45 of the Federal Rules of Civil Procedure. Counsel for Plaintiffs has conferred with the United States Attorney's Office for the Northern District of Florida who opposes the relief requested in this Motion.

The agencies should be compelled to respond to the lawfully issued subpoenas for two independent reasons. First, the agencies' complete failure to respond

1

constitutes agency action unlawfully withheld under 5 U.S.C. § 706(1). Second, to the extent the agencies contend they remain in the process of considering Plaintiffs' requests, the agencies' failure to issue any determination or otherwise respond constitutes unreasonable delay under § 706(1).

Whether the agencies ultimately assert objections, privileges, or other grounds for withholding documents is not at issue in this Motion. Plaintiffs only seek an Order requiring the agencies to respond as required by Rule 45, the agencies' respective Touhy regulations, and the APA.

## I.    Procedural History

This action arises from a terrorist attack carried out on December 6, 2019, at Naval Air Station Pensacola ("NAS Pensacola"), in which Mohammed Al-Shamrani ("Al-Shamrani"), a member of the Saudi Royal Air Force, opened fire, killing and seriously wounding multiple United States military personnel and law enforcement officers. Plaintiffs are the victims of that attack and their family members.

On appeal, the Eleventh Circuit held that Plaintiffs plausibly alleged that the Kingdom of Saudi Arabia ("KSA") was grossly negligent in vetting, hiring, and sending Al-Shamrani to the United States, thereby satisfying the requirements of the terrorism exception to sovereign immunity under the Justice Against Sponsors of Terrorism Act ("JASTA"). The Eleventh Circuit concluded that Plaintiffs' claims are facially sufficient and that the relevant jurisdictional inquiry now turns on the

2

underlying facts, including what KSA knew or should have known about Al-Shamrani's radicalization before sending him to the United States.

On remand, this Court authorized jurisdictional discovery to permit the parties to develop the factual record necessary to resolve those issues. In doing so, the Court recognized that the critical evidence bearing on Al-Shamrani's radicalization (his communications and social media activity, and the vetting and certification process that allowed him to enter the United States) resides largely in the possession of KSA and various U.S. government agencies. Without access to that evidence, Plaintiffs cannot meaningfully respond to the factual challenge raised by KSA, and this Court cannot resolve the jurisdictional issues identified by the Eleventh Circuit.

Consistent with that Order, Plaintiffs served narrowly tailored document requests on the FBI, DOS and Navy seeking documents directly relevant to the issues identified by the Eleventh Circuit and this Court. Despite receiving those requests, the agencies failed to respond.

On May 29, 2026, Plaintiffs moved to compel the FBI, DOS, and Navy to respond to Plaintiffs' Touhy requests and Rule 45 subpoenas. ECF No. 111. That same day, the Court denied the motion without prejudice because Plaintiffs' counsel had not yet conferred with counsel for the United States. ECF No. 112.

On June 4, 2026, Plaintiffs' counsel conducted a Zoom conference with Assistant United States Attorney John Spaccarotella. During that conference, the

3

United States Attorney's Office for the Northern District of Florida advised that it was authorized to represent the FBI, DOS, and Navy for purposes of this litigation. At the same time, the Government explained that each agency maintains its own counsel and internal procedures for processing Touhy requests and Rule 45 subpoenas.

Since that conference, the parties have continued to confer regarding the timing of the agencies' responses. Despite those efforts, none of the agencies has produced responsive documents, served written responses or objections, or provided any anticipated date by which it expects to do so. Plaintiffs have also provided the Government with a proposed protective order designed to facilitate the production of any confidential or otherwise protected information.

Having complied with the Court's directive to confer and exhausted those efforts without obtaining responses Plaintiffs respectfully refile their Motion to Compel responses from the FBI, DOS and Navy.

## 1. FBI

The FBI was served via hand delivery on March 25, 2026 and via certified mail on March 26, 2026. Copies of the Touhy request and subpoena are attached as Exhibit 1. Copies of the process server declaration and certified mail return receipt are attached as Exhibit 2.

The FBI processes litigation demands pursuant to the Department of Justice's Touhy regulations, codified at 28 C.F.R. §§ 16.21–16.29. The subpoena required a response by April 23, 2026, at 10:00 a.m., providing the FBI approximately thirty days to respond, object, move to quash, seek narrowing of the requests, or assert any applicable privilege, consistent with Rule 45 and the Department of Justice's governing regulations. *See* Fed. R. Civ. P. 45(d); 28 C.F.R. §§ 16.21–16.29.

The FBI did none of those things. More than 100 days after service, the FBI has remained entirely silent.

Plaintiffs served the FBI with the following nine document requests seeking information central to this Court's jurisdiction determination:

**Request No. 1**
Documents that reflect the factual basis for, or otherwise support or relate to, the public statements by the FBI and Department of Justice that, based on a review of Al-Shamrani's electronic devices:
    (a) he had been radicalized since 2015;
    (b) he had joined the Royal Saudi Air Force to carry out a special operation; and
    (c) he had been communicating with Al Qaeda in the Arabian Peninsula (AQAP) prior to entering the United States.

**Request No. 2**
Documents that reflect the factual basis for, or otherwise support or relate to, the public statements by the FBI and Department of Justice that:
    (a) Al-Shamrani was motivated by jihadist ideology; and
    (b) 17 members of the Saudi military who were training in the United States possessed jihadi or anti-American content.

**Request No. 3**

Documents reflecting the identification, selection, screening, or vetting of Al-Shamrani by the Kingdom of Saudi Arabia for participation in training in the United States.

**Request No. 4**

Documents reflecting information that the Kingdom of Saudi Arabia knew or suspected that Al-Shamrani had been radicalized or held extremist or anti-American views prior to his arrival in the United States, including but not limited to evidence that the Kingdom of Saudi Arabia was monitoring Al-Shamrani's phone, email and/or social media accounts.

**Request No. 5**

Documents sufficient to identify any social media accounts, usernames, or online platforms associated with Mohammed Al-Shamrani.

**Request No. 6**

Documents reflecting social media postings, online activity, or digital content of Al-Shamrani.

**Request No. 7**

Documents reflecting factual information obtained from interviews of colleagues, family members, or associates of Al-Shamrani relating to his beliefs, associations or radicalization prior to his arrival in the United States.

**Request No. 8**

Documents obtained from the forensic extraction of Al-Shamrani's electronic devices, including materials reflecting his radicalization, extremist or anti-American beliefs, or communications with AQAP or other associates regarding terrorism or radicalization prior to the December 6, 2019 terrorist attack.

**Request No. 9**

Documents provided by, or reflecting information provided by, the Kingdom of Saudi Arabia to the FBI or Department of Justice concerning Al-Shamrani's radicalization, extremist beliefs, or associations.

Exhibit 1, FBI Subpoena.

6

Despite being served with these requests, the FBI failed to object, assert privilege, seek narrowing, request an extension, or otherwise respond.

### 2. DOS

The DOS was served via hand delivery on March 25, 2026 and certified mail on March 27, 2026. Copies of the Touhy request and subpoena are attached as Exhibit 3. Copies of the process server declaration and certified mail return receipt are attached as Exhibit 4.

The DOS processes litigation demands pursuant to its Touhy regulations, codified at 22 C.F.R. §§ 172.1–172.8. The subpoena required a response by April 23, 2026, at 10:00 a.m., providing the DOS approximately thirty days to comply, object, move to quash, seek narrowing of the requests, or assert any applicable privilege consistent with Rule 45 and the DOS's governing regulations. *See* Fed. R. Civ. P. 45(d); 22 C.F.R. §§ 172.1–172.8.

The DOS did none of those things. More than 100 days after service, the DOS has remained entirely silent.

Plaintiffs served the DOS with the following three document requests seeking information central to this Court's jurisdiction determination:

**Request No. 1**
Documents relating to Al-Shamrani's application for a visa or entry into the United States, including materials reflecting his nomination, vetting, screening, or suitability for entry into the United States or participation in U.S. military training, and any diplomatic or administrative records associated with that application.

**Request No. 2**
Documents reflecting communications or interactions between the Office of Defense Cooperation at the U.S. Embassy in Riyadh and the Kingdom of Saudi Arabia concerning the vetting, screening, review, or processing of Al-Shamrani for participation in training in the United States, including documents reflecting the application of any screening requirements set forth in the Security Assistance Management Manual (SAMM) and the operational guidance of DoD Joint Security Cooperation Education and Training (JCET).

**Request No. 3**
Documents relating to the issuance, approval, or authorization of Al-Shamrani's travel to the United States for participation in military training, including any International Travel Orders or similar records and any materials reflecting the vetting, screening, or suitability determinations associated with such authorization.

Exhibit 3, DOS Subpoena.

Despite being served with these requests, the DOS failed to object, assert privilege, seek narrowing, request an extension, or otherwise respond.

### 3. U.S. Department of the Navy

The Navy was served via certified mail on March 30, 2026. Copies of the Touhy request and subpoena are attached as Exhibit 5. A Copy of the certified mail return receipt is attached as Exhibit 6.

The Navy processes litigation demands pursuant to Department of Defense and Navy Touhy regulations governing disclosure of official information and testimony in litigation. *See* 32 C.F.R. Part 97; 32 C.F.R. Part 725; SECNAVINST 5820.8A. The subpoena required a response by April 23, 2026, at 10:00 a.m., providing the Navy approximately thirty days to respond, object, move to quash,

seek narrowing of the requests, or assert any applicable privilege consistent with Rule 45 and the Navy's governing regulations. *See* Fed. R. Civ. P. 45(d); 32 C.F.R. Part 97; 32 C.F.R. Part 725; SECNAVINST 5820.8A.

The Navy did none of those things. More than 100 days after service, the Navy has remained entirely silent.

Plaintiffs served the Navy with the following four document requests seeking information central to this Court's jurisdiction determination:

**Request No. 1**

Documents received from the Kingdom of Saudi Arabia relating to Al-Shamrani's nomination, vetting, screening or suitability for U.S. military training.

**Request No. 2**
Documents reflecting representations, certifications, or assurances made by the Kingdom of Saudi Arabia to the Department of the Navy and related entities relating to Al-Shamrani's suitability, reliability, or security clearance status.

**Request No. 3**
Documents reflecting any screening, review, or vetting of Al-Shamrani conducted by the Department of the Navy, including any such screening, review, or vetting based on information provided by the Kingdom of Saudi Arabia.

**Request No. 4**
Documents reflecting any adverse, derogatory, or potentially disqualifying information concerning Al-Shamrani that was received from the Kingdom of Saudi Arabia or derived from information provided by the Kingdom of Saudi Arabia.

Exhibit 5, Navy Subpoena.

9

Despite receiving these requests, the Navy failed to object, assert privilege, seek narrowing, request an extension, or otherwise respond.

## II.     Governing Law

In the Eleventh Circuit, a federal agency's refusal to comply with a subpoena issued pursuant to Touhy regulations is generally reviewed under the Administrative Procedure Act ("APA").[1] *See Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991); *Westchester General Hospital, Inc. v. Department of Health and Human Services*, 443 F. App'x 407, 410 (11th Cir. 2011). In *United States ex rel. Touhy v. Ragen*, the Supreme Court recognized the authority of federal agencies to regulate the internal administration of agency records and responses to subpoenas. 340 U.S. 462 (1951). Such regulations are promulgated pursuant to the federal Housekeeping Statute, 5 U.S.C. § 301.

*Touhy* and the Housekeeping Statute, however, do not create an independent evidentiary privilege or otherwise authorize federal agencies to withhold evidence absent a recognized privilege grounded in statute, federal common law, or other applicable authority. *See NLRB v. Capitol Fish Co.*, 294 F.2d 868, 874-75 (5th Cir. 1961) (explaining that *Touhy* did not create an executive privilege to withhold

---

[1] Plaintiffs recognize that binding Eleventh Circuit precedent generally reviews Touhy determinations under the APA. Plaintiffs therefore present this Motion under the APA framework applied by this Circuit and by this Court in the 3M litigation. Plaintiffs nevertheless preserve for appeal the argument that Federal Rule of Civil Procedure 45 and federal common law provide the proper framework governing federal agency compliance with subpoenas, consistent with the approach adopted in other circuits, including the D.C. Circuit.

10

evidence); *United States v. Reynolds*, 345 U.S. 1, 9–10 (1953) ("Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers."). Congress likewise expressly limited the Housekeeping Statute, providing that § 301 "does not authorize withholding information from the public or limiting the availability of records to the public." 5 U.S.C. § 301.

In cases involving federal subpoenas governed by Touhy regulations, the Eleventh Circuit has emphasized that the Federal Rules strongly favor full discovery and that Rule 45 provides the procedural mechanism for a nonparty to challenge a subpoena through objections or a motion to quash. *See Moore*, 927 F.2d at 1197; Fed. R. Civ. P. 45(d)(2)(B), (d)(3).

The Eleventh Circuit has further held that federal agency responses to subpoenas issued pursuant to Touhy regulations are subject to judicial review under the APA. *See Westchester General Hosp.* 443 F. App'x at 410. Under the APA, reviewing courts may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see also In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 U.S. Dist. LEXIS 10427, *13 (N.D. Fla. January 4, 2021). The APA further authorizes courts to "hold unlawful and set aside agency action" that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

## III.    Argument

11

### A. The FBI, DOS and Navy Have Unlawfully Withheld Agency Action Required by Rule 45 and Their Own Touhy Regulations

Although federal agencies may regulate the internal process by which subpoenas are processed, Touhy regulations do not eliminate the obligation to respond to lawfully issued subpoenas or exempt agencies from judicial review under the APA. Likewise, Congress expressly amended the Housekeeping Statute, to make clear that Touhy regulations "do[] not authorize withholding information from the public or limiting the availability of records to the public." 5 U.S.C. § 301. Accordingly, where a federal agency fails to timely respond to a lawfully issued subpoena, reviewing courts may compel agency action pursuant to 5 U.S.C. § 706(1).

Plaintiffs complied with Rule 45 and each agency's Touhy regulations in issuing and serving the subpoenas and Touhy requests. Each agency had a duty to process those requests and issue a timely response. None did so.

In *Norton v. Southern Utah Wilderness Alliance*, the Supreme Court held that a claim under 5 U.S.C. § 706(1) may proceed where an agency fails to take a discrete agency action that it is legally required to take. 542 U.S. 55, 64 (2004). The Court distinguished impermissible broad programmatic challenges from discrete omissions such as the "failure to issue a ruling," explaining that courts may compel an agency "to take action upon a matter, without directing how it shall act." *Id*. at 64–65.

12

Rule 45 establishes a mandatory framework for responding to subpoenas. A subpoena recipient must either comply with the subpoena, serve written objections within the time prescribed by Rule 45(d)(2)(B), or seek judicial relief through a timely motion to quash or modify under Rule 45(d)(3). Written objections must be served before the earlier of the compliance date or fourteen days after service. Fed. R. Civ. P. 45(d)(2)(B).

Plaintiffs likewise complied with each agency's respective Touhy procedures regarding the form and service of the requests. Nevertheless, each agency failed to issue any response, objection, motion to quash, or agency determination within the deadlines established by Rule 45.

Although the agencies' Touhy regulations do not establish express deadlines for issuing determinations, they plainly contemplate that agencies will process subpoenas and issue responses in compliance with federal law. Nothing in those regulations authorizes an agency to simply ignore a lawfully issued subpoena.

The agencies' complete inaction is particularly telling because the Department of Justice recognized the applicability of Rule 45's procedural framework and timely filed a motion to quash the subpoena served on it (ECF No. 98), while the FBI, DOS, and Navy failed to issue any response whatsoever.[2]

---

[2] Plaintiffs also served a subpoena and Touhy request on the U.S. Department of War ("DOD"). Unlike the FBI, DOS, and Navy, the DOD contacted Plaintiffs' counsel and advised that it is processing the subpoena and Touhy request. DOD further represented that certain responsive

The discrete action withheld here is the agencies' failure to process Plaintiffs' subpoenas and Touhy requests and provide a response within the deadlines established by Rule 45. Rule 45 required the agencies to either comply with the subpoenas, serve written objections, or seek judicial relief through a motion to quash. The FBI, DOS, and Navy did none of those things. Their failure to take any action in response to Plaintiffs' subpoenas constitutes agency action unlawfully withheld under 5 U.S.C. § 706(1); *see SUWA*, 542 U.S. at 64.

## B. The FBI, DOS and Navy's Failure to Respond Constitutes Unreasonable Delay Under the TRAC Factors

Courts evaluating claims of agency delay under 5 U.S.C. § 706(1) frequently apply the six-factor framework articulated in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984); s*ee also In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2020 U.S. Dist. LEXIS 215573, at *13–14 (N.D. Fla. Nov. 17, 2020).[3] Those factors strongly support relief here.

---

documents will be produced and that multiple component offices have been tasked with identifying and producing materials responsive to Plaintiffs' requests.

[3] The six-factor test developed by the District of Columbia Circuit Court of Appeals weighs the following factors:  (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *TRAC*, 750 F.2d at 80.

First, Rule 45 supplies a rule of reason and establishes specific deadlines governing compliance, objections and motions to quash. The agencies failed to comply with those deadlines.

Second, although Congress has not prescribed a specific timetable for Touhy determinations, Rule 45 provides the procedural framework governing subpoena responses and imposes specific deadlines for compliance, objections, and motions to quash. The applicable Touhy regulations contemplate compliance with federal law and do not authorize agencies to ignore subpoena demands altogether. The agencies failed to comply with those deadlines.

Third and fifth, the agencies' complete failure to issue any response, objection, motion, or agency determination has materially prejudiced Plaintiffs' ability to conduct the jurisdictional discovery authorized by this Court. Plaintiffs are operating under a limited discovery period, and the requested information bears directly on the jurisdictional issues identified by the Eleventh Circuit.

Fourth, requiring the agencies to issue responses or determinations would not improperly interfere with competing agency priorities. Plaintiffs do not seek an order compelling production of any particular document or directing the substance of any agency decision. Rather, Plaintiffs seek only an order requiring the agencies to process the subpoenas and Touhy requests and provide a response.

Finally, no showing of bad faith is required. *See TRAC*, 750 F.2d at 80. The agencies' complete failure to respond is sufficient to constitute unreasonable delay regardless of whether that failure resulted from oversight, administrative burden, or some other cause.

Under these circumstances, the agencies' complete inaction constitutes agency action unreasonably delayed under 5 U.S.C. § 706(1).

### C. The FBI, DOS and Navy's Failure to Respond Substantially Prejudices Plaintiffs

The FBI, DOS, and Navy's complete failure to respond substantially prejudices the jurisdictional discovery authorized by this Court and necessary to resolve the jurisdictional issues identified by the Eleventh Circuit. The Eleventh Circuit held that Plaintiffs plausibly alleged that KSA was grossly negligent in vetting, hiring, and sending Al-Shamrani to the United States and determined that the jurisdictional inquiry now turns on the underlying facts, including what KSA knew or should have known regarding Al-Shamrani's radicalization before permitting him to enter the United States and participate in military training at NAS Pensacola.

This Court subsequently authorized jurisdictional discovery to permit the parties to develop the factual record necessary to resolve those issues. The requested discovery is central to that factual inquiry. Plaintiffs' subpoenas seek information

concerning Al-Shamrani's communications, social media activity, vetting and certification process, entry into the United States, and information known to or communicated between KSA and United States government agencies before the terrorist attack.

The requested materials reside largely in the possession of KSA and various U.S. government agencies. Plaintiffs cannot obtain these materials from alternative sources. Nor can Plaintiffs meaningfully evaluate KSA's factual challenge to jurisdiction without access to the evidence bearing directly on the issues identified by the Eleventh Circuit and this Court.

Relief under 5 U.S.C. § 706(1) is therefore necessary to compel agency action and permit jurisdictional discovery to proceed.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order requiring the FBI, DOS, and Navy to respond to Plaintiffs' Rule 45 subpoenas and Touhy requests within ten (10) days of the Court's Order, including issuance of Touhy determinations and production of responsive, non-privileged materials consistent with Rule 45 and the agencies' governing regulations.

Dated: July 17, 2026.                    Respectfully submitted,


                                         /s/ Matthew S. Mokwa
                                         Matthew S. Mokwa, Esq. (FL#47761)
                                         **THE MAHER LAW FIRM, P.A.**
                                         398 W. Morse Blvd., Suite 200
                                         Winter Park, Florida 32789
                                         Phone: (407) 839-0866
                                         Fax: (407) 425-7958
                                         mmokwa@maherlawfirm.com

                                         Filed on Behalf of All Plaintiffs


## LOCAL RULE 7.1(C) CERTIFICATION

I hereby certify that, pursuant to Local Rule 7.1(B) and (C), Plaintiffs' counsel conferred with counsel for the Government via Zoom videoconferencing on June 4, 2026, and thereafter engaged in multiple email communications from June 4, 2026, through July 16, 2026. Despite those efforts, the parties were unable to resolve the issues that are the subject of this Motion.

## LOCAL RULE 7.1(F) CERTIFICATION

I hereby certify that, pursuant to Local Rule 7.1(F) the foregoing Motion to Compel contains 3,723 words excluding the header and signature block.

## LOCAL RULE 5.1(F) CERTIFICATION

I hereby certify that on July 17, 2026 and in compliance with L.R. 5.1(F), I, Matthew S. Mokwa, electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system which sends notice to all parties or counsel

of record that have entered appearances in this action. I also sent a copy to counsel for the Federal Bureau of Investigation, U.S. Department of State and U.S. Department of the Navy via email to: John.Spaccarotella@usdoj.gov.

/s/ Matthew S. Mokwa
Matthew S. Mokwa, Esq.