# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

|  |  |
|---|---|
| **BENJAMIN WATSON, JR., et al.** | |
| **Plaintiffs,** | **Case No.:** **3:21-cv-329-MCR-ZCB** |
| **v.** | |
| **KINGDOM OF SAUDI ARABIA,** | |
| **Defendant.** | |

## THE UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

Plaintiffs' motion to compel against the Navy and FBI (ECF 122) has been rendered moot because both agencies have responded to Plaintiffs' *Touhy* request.

Plaintiffs' motion against the Department of State ("DOS") is premature because the DOS has not yet completed their administrative review of Plaintiffs' *Touhy* request nor have they approved or denied Plaintiffs' requests. Plaintiffs therefore have not exhausted the administrative remedies set forth in the government's *Touhy* regulations. Further, the DOS's delay, to the extent there is one, in responding to Plaintiffs' *Touhy* request has not been unreasonable under the circumstances.

Accordingly, the United States respectfully requests the Court to deny Plaintiffs' motion.

## BACKGROUND

On March 24, 2026, Plaintiffs served the Department of State with a *Touhy* request and subpoena for documents. ECF 122-3, 122-4. The Navy General Counsel's Office received a *Touhy* request on April 7, 2026. ECF 122-5, 122-6. Plaintiff never served the FBI with a *Touhy* request.[1] ECF 122-1, 122-2. On May 29, 2026, Plaintiffs filed their first motion to compel against the FBI, Navy and DOS. *See* ECF 111. On June 4, 2026, the USAO – as litigation counsel to the agencies – met and conferred with Plaintiffs' counsel. The USAO is not involved in the agencies' collection of documents or responses to Plaintiffs' *Touhy* request – those responses will (or have) come directly from the agencies.[2]

The USAO has continued to provide updates to Plaintiffs regarding the agencies' timing on responding to their *Touhy* request and subpoenas, including by

---

[1] Plaintiffs served the USAO with a *Touhy* request (ECF 98-1) and included a copy of the FBI's *Touhy* request and subpoena in the mailing, but Plaintiffs did not separately serve it on the FBI as contemplated by the regulations. *See* 28 CFR 16.22(b) ("Whenever a demand is made upon an employee or former employee as described in paragraph (a) of this section, the employee shall immediately notify the U.S. Attorney for the district where the issuing authority is located."). At that time, the USAO inquired as to whether the local FBI office had been served and it had not. *See Laurent v. Potter*, 405 F. App'x 453, 454 (11th Cir. 2010) ("A defendant's actual notice is not sufficient to cure defectively executed service.").

[2] The FBI falls under DOJ's *Touhy* Regulations and the USAO serves as the "Responsible Official" in authorizing the FBI's response after the FBI – the Originating Component – prepares the response and/or materials demanded. *See* 28 CFR 16.24. The DOS and Navy must comply with their own *Touhy* regulations.

teleconference on June 4; and by email on June 9, June 18, and July 8, 2026. (*See* Ex.1). On July 17, 2026, Plaintiffs filed their motion to compel.

On July 22, 2026, the Navy responded to Plaintiffs' *Touhy* request. (*See* Ex. 2). On July 28, 2026, the FBI responded to Plaintiffs' *Touhy* request. (*See* Ex. 3). The DOS is still processing Plaintiffs' requests and has not yet formally responded to their *Touhy* request or subpoena.

## **ARGUMENT**

### 1. *Plaintiffs' Motion against the Navy and the FBI is moot because both agencies have responded to Plaintiffs' Touhy requests and provided documents responsive to their subpoenas.*

On July 22, 2026, the Navy responded to Plaintiffs' *Touhy* request and provided documents responsive to their subpoena. (*See* Ex. 2). On July 28, 2026, the FBI responded to Plaintiffs' *Touhy* request. (*See* Ex. 3). As such, Plaintiffs' prayer for relief (ECF 122 at 17) for a Court order compelling the FBI and Navy to "respond to the Plaintiffs' Rule 45 subpoena and Touhy requests" is no longer "live such that the Court [can] give meaningful relief." *Garey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118, 120 (11th Cir. 2006) (citing *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."). Plaintiffs' motion is therefore moot and should be dismissed.

***2. Plaintiffs' Motion against the Department of State is premature because Plaintiffs have not exhausted administrative remedies.***

Government agencies must follow their own *Touhy* regulations and administrative procedures when responding to a subpoena. The DOS *Touhy* requirements are set forth in 22 CFR 172.1, *et seq*.

Plaintiffs' argue that the agencies have failed to provide "any response whatsoever" to their demands. ECF 122 at 13. But this is misleading. The USAO as litigation counsel for the agencies has updated Plaintiffs on the agencies' progress on several occasions. (*See* Ex. 1). Given the sensitivity of the materials requested, approval (or denial) must pass through several components within each agency.[3] Indeed, the agencies have been diligently working to fulfill their obligations by properly following the relevant *Touhy* regulations.

The DOS has not yet completed its review under their regulations nor has it denied Plaintiffs' *Touhy* request. The DOS is still processing Plaintiffs' request, including following the requirement that:

> No employee of the Department shall, in response to a demand or request in connection with any litigation, whether criminal or civil, provide oral or written testimony by deposition, declaration, affidavit,

---

[3] Although the *Touhy* request on the USAO (ECF 98-1) and the agencies were somewhat different, they all seek information concerning the January 6, 2019, terrorist attack at Naval Air Station Pensacola. With respect to Plaintiffs' *Touhy* request on the USAO, the Court has noted that "The information before the Court shows that the terrorist attack led to an extensive and wide-ranging law enforcement investigation. That investigation remains open. Information gathered during the investigation relates to sensitive matters of national security." *See* ECF 120 at 8.

or otherwise concerning any information acquired while such person is or was an employee of the Department as part of the performance of that person's official duties or by virtue of that person's official status, unless authorized to do so by the Assistant Secretary for Human Resources or the Legal Adviser (L), or delegates of either, following consultation between the two bureaus, or as authorized in § 172.4(b).

22 CFR 172.4(a). The DOS is continuing to review Plaintiffs' request, consistent with its regulations, and will respond as soon as possible.

With respect to the FBI, in addition to its response rendering moot Plaintiffs' motion, the FBI's response also requested further information regarding relevancy – a threshold requirement – and this shows that the FBI's *Touhy* review is ongoing and has not been administratively exhausted. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006) ("[E]xhaustion requirements . . . give the agency a fair and full opportunity to adjudicate [a party's] claim[] . . . by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits.") (citation omitted). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *United States v. Physician Partners, LLC,* No. 8:19-cv-1236, 2024 WL 2846007, *3 (M.D. Fla. June 5, 2024).

Plaintiffs' motion against the DOS and FBI is therefore premature because the administrative remedies have not been exhausted. *See, e.g.,, Southeast'n PA Trans. Auth. v. Orrstown Fin. Serv., Inc.*, 367 F. Supp. 3d 267, 285 (M.D. Pa. 2019) (discussing that a motion to compel is premature before Plaintiff has exhausted

5

administrative remedies of "obtain[ing] a substantive response from the agency as to assertion or waiver of the privilege."); *In re Scully*, No. Civ. A. 06-0077, 2006 WL 1523231, *1 (D.C.C. Apr. 11, 2006) (in the *Touhy* context, the exhaustion of administrative remedy of the agency denying the request is a prerequisite to obtaining judicial relief for an actual or threatened injury). And Plaintiffs admit that "the agencies' *Touhy* regulations do not establish express deadlines for issuing determinations." *See* ECF 122 at 13; *In re 3M Combat Arms Earplug Prod. Liab. Lit.*, No. 3:19-md-2885, 2021 WL 219917, *6 (N.D. Fla. Jan. 4, 2021) (finding that the agency's delay in responding to a *Touhy* request was reasonable under the circumstances).

### 3. The Department of State's delay (if any) has not been unreasonable.

Plaintiffs argue that the agencies' delay in responding to their *Touhy* requests has been unreasonable under 5 U.S.C. § 706(1). *See* ECF 122 at 14. But "[r]esolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstance before the court." *Byrd v. Haas*, 17 F.4th 692, 699 (6th Cir. 2021) (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100, (D.C. Cir. 2003)). And "the Supreme Court has cautioned that the passage of time alone cannot establish unreasonable delay under the APA." *Ahmed v. Blinken*, No. 23-11860, 2024 WL 4172525, at *4

6

(E.D. Mich. Sept. 12, 2024) (citing *INS v. Miranda*, 459 U.S. 14, 19, 103 S. Ct. 281, 74 L.Ed.2d 12 (1982)).

Accordingly, the courts have "discretion to decide whether agency delay is unreasonable." *Cobell v. Norton*, 240 F.3d 1081, 1096 (D.C. Cir. 2001) (citation omitted). "[C]ourts are reluctant to upset existing agency priorities, unless the delay is egregious." *Id*. To determine whether agency action has been unreasonably delayed, courts consider the six *TRAC* factors. *See Barrios Garcia*, 25 F.4th at 451–52 (citing *Telecomms. Rsch. & Action Ctr. (TRAC)*, 750 F.2d 70, 80 (D.C. Cir. 1984)). These factors as applied to this case support any short delay resulting from the DOS following its regulations. The factors are discussed in more detail below.

### *TRAC No. 1*: *the time agencies take to make decisions must be governed by a rule of reason*.

Plaintiffs' subpoena requests several categories of documents from the DOS relating to the jurisdiction of Plaintiffs' claims of gross negligence against the Kingdom of Saudi Arabia for the events leading up to the December 6, 2019, terrorist attack at Naval Air Station Pensacola. The documents relevant to Plaintiffs' requests, to the extent any non-privileged documents exist, must be searched, collected and reviewed throughout several levels of the agency.

As part of its collection efforts, the DOS has been conducting keyword searches in its central repository archive that stores permanent electronic records that have been transferred to the Bureau of Administration. This includes materials such

as correspondence, diplomatic notes, cables, all emails sent and received on the state.gov network since January 1, 2017; and pre-2017 digital retired records that were transferred to the Bureau of Administration (primarily cables and the email records of certain former senior officials).

This is a time-consuming operation that is still ongoing, and the DOS will respond to Plaintiffs' *Touhy* request when its search is completed. Any minor delay in the DOS processing Plaintiffs' request for the sensitive materials has not been unreasonable under the circumstances. The rule of reason therefore favors the DOS's time to properly follow and undergo its decision-making process as set forth in its *Touhy* regulations.

> ***TRAC No. 2***: ***where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason.***

This factor weighs in favor of the DOS because its *Touhy* regulations do not specify a timetable for responding. *See, e.g., Michaels v. Embry-Riddle Aeronautical Univ. Inc.*, No. 6:23-cv-1527, 2024 WL 3639452, *3 (M.D. Fla. Jun 17, 2024) ("The Court also finds good cause to stay the execution of the subpoena to allow the agency to process the demand for official information in accordance with its [Touhy] regulations.").

8

> ***TRAC No. 3***: ***delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake***.

This factor weighs in favor of the DOS because human health and welfare are not at stake. Plaintiffs' non-party discovery relates to jurisdiction of its claim of gross negligence against the Kingdom of Saudi Arabia.

> ***TRAC No. 4***: ***the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority***.

This factor weighs in favor of the DOS because Plaintiffs fail to provide factual allegations to consider the effect of expediting delayed action on the DOS's activities of a higher or competing priority. The DOS has sole authority to issue visas, which relates to Plaintiffs Requests No. 1 and 3. *See* ECF 111-3 at 10; *see also* 8 U.S.C. § 1201; 22 C.F.R. § 41.111. Plaintiffs sole argument is that the DOS is not processing the subpoena. *See* ECF 122 at 15. But this is not true. The DOS is processing Plaintiffs' *Touhy* request and subpoena in accordance with its *Touhy* regulation, and several updates of their progress have been provided to Plaintiffs.

> ***TRAC No. 5***: ***the court should also take into account the nature and extent of the interests prejudiced by delay***.

This factor weighs in favor of the DOS because the discovery deadline in the underlying litigation has been stayed.

*TRAC No. 6*: *the court need not find any impro600priety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.*

This factor weighs in favor of the DOS because their delay has not been unreasonable under the circumstances; and there has been no factual allegations that the DOS has acted in bad faith.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court to deny Plaintiffs' motion to compel as moot with respect to the Navy and FBI, and premature with respect to the DOS because the administrative remedies set forth in the DOS's *Touhy* regulations have not yet exhausted. To the extent there has been any delay in the DOS responding to Plaintiffs' *Touhy* request, it has not been unreasonable under the circumstances.

Respectfully submitted,

JOHN P. HEEKIN
UNITED STATES ATTORNEY

*/s/ John C. Spaccarotella*
**John C. Spaccarotella**
Assistant United States Attorney
Florida Bar No: 1076233
21 E. Garden Street, Suite 300
Pensacola, FL 32502
Telephone:  850-444-4046
Fax: (850) 434-9050
John.Spaccarotella@usdoj.gov
*Counsel for the United States of America*

10

## LOCAL RULE 7.1(F) CERTIFICATION

I certify that this paper contains 2289 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

## LOCAL RULE 5.1(F) CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing has been furnished via CM/ECF to all interested parties, this 31st day of July, 2026.

/s/ John C. Spaccarotella
**JOHN C. SPACCAROTELLA**
Assistant United States Attorney

11