

**U.S. Department of Justice**

Federal Bureau of Investigation

---

*Office of the General Counsel*                                   Washington, D.C.  20535-0001

July 28, 2026

Via Electronic Mail (jmcfadden@jmcfaddenlaw.com)

Jeffrey E. McFadden
Law Offices of Jeffrey E. McFadden, LLC
312 Prospect Bay Dr. E
Grasonville, MD 21638-1181

Re:  *Watson, et al. v. Kingdon of Saudi Arabia*, Civil Action No. 3:21-cv-00329 (N.D. Fl.)


Dear Mr. McFadden,

On or around May 29, 2026, upon your filing of a Motion to Compel in the above-referenced litigation (Dkt. No. 111), the Federal Bureau of Investigation ("FBI" or "Bureau") became aware of the subpoena and corresponding letter dated March 24, 2026 purporting to command the FBI's production of documents responsive to nine separate requests.[1]  *See* Dkt. 111-1 at 10-11 (listing the nine separate document requests directed to the FBI)

The disclosure of FBI records and information in administrative or judicial proceedings is controlled by federal statute and regulation, including the *Touhy* regulations that govern the disclosure of information from the files of the Department of Justice ("the Department"), of which the FBI is a component.  *See* 28 C.F.R. §§ 16.21-16.29; *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951).  In any proceeding in which the United States is not a party, these regulations set forth a general prohibition of disclosure, by any employee of the Department, of any material contained in the files of the Department, any information relating to or based upon material contained in the files of the Department, or any information or material acquired by any person while such person was an employee of the Department as a part of the performance of that person's official duties or because of that person's official status.  28 C.F.R. § 16.22.  When a Department official receives a demand for disclosure, the originating Department component may authorize the production of  material from Departmental files, if the disclosure is appropriate under the factors set forth at 28 C.F.R. § 16.26(a), and there exist none of the prohibiting factors set forth at 28 C.F.R. § 16.26(b).  *See also* 28 C.F.R. § 16.24.

In addition, in order for the FBI to disclose records or information, the requestor must provide the FBI with a jurisdictionally valid subpoena, together with a written request which

---

[1] As evidenced by your letter and certificate of service filed with the Court (Dkt. 111-2), the subpoena and letter were not served upon the FBI.

identifies the nature of the litigation, the specific information requested, and an explanation of how the requested information is relevant to the litigation.  Further, the Privacy Act, Title 5, United States Code, Section 552a, generally prohibits disclosure of records maintained by government agencies, such as the FBI, which are retrieved by the name of an individual.  To the extent that any of the information sought is protected by the Privacy Act, in order for the DOJ or FBI to process the request, a court order, a waiver, or some other basis for disclosure consistent with the Privacy Act must be provided.

In the instant case, you have stated that you seek records

> concerning the events leading up to the December 6, 2019 terrorist attack at Naval Air Station Pensacola and those aspects of the FBI's subsequent investigation specifically related to Al-Shamrani's radicalization and the Kingdom of Saudi Arabia's knowledge or suspicions of that radicalization before his arrival for military training in the United States.

*See* Dkt. 111-1 at 2.  In addition, your letter claims that the requested documents are sought "solely for  . . . authorized jurisdictional discovery and are relevant to the issues identified by the Eleventh Circuit and the District Court . . ." *Id.*  However, disclosure of agency documents responsive to your request is not permissible.

First, although you have provided background on the litigation and have provided a general statement of relevancy for the documents you seek, you have not adequately described how *each* category of documents you have requested is relevant and necessary to the litigation. *See* 28 C.F.R. § 16.22(d).  For example, some requests do not appear to be at all relevant to the jurisdictional discovery of your claims against the Kingdom of Saudi Arabia ("KSA") for gross negligence, in that the only relevant inquiry is what KSA knew; the FBI's knowledge is irrelevant to the issue.  Thus, the FBI objects to your request to the extent it seeks documents that are not relevant and/or exceed the scope of permissible discovery.  *See* 28 C.F.R. § 16.26(a)(1).

Relatedly, the subpoena is ambiguous in a number of respects and overly broad. Complying with the subpoena as currently worded would be unduly burdensome.  *See Agility Public Warehousing Co., K.S.C.P. v. U.S. DOD,* 246 F. Supp. 3d 34, 48 (D.D.C. 2017) (government entitled to consider burden requested discovery would place on agency); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989) (the purpose behind regulations such as *Touhy* is to "conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business."). *See also COMSAT Corp. v. Nat'l Sci. Foundation,* 190 F.3d 269, 278 (4th Cir. 1999) ("When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources."); *Hoover v. Trent*, No. 1:07CV47, 2009 WL 10676534, at * 4 (N.D. W. Va. June 3, 2009) (noting the "policy of preserving the resources of governmental agencies from the flood of private litigation," and finding that "production would present the FBI with the type of cumulative burden of providing such information in other cases."); *Sweet v. Schenk*, 792 F.2d 1447 (9th Cir. 1996); *Envtl. Enterprises, Inc. v. EPA*, 664 F. Supp. 585 (D.D.C. 1987); *Reynolds Metals Co. v. Crowther*, 572 F. Supp. 288 (D. Ma. 1982).

Discovery is limited to "nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); 28 C.F.R. § 16.26(a)(1). Your requests do not meet that standard—let alone the heightened relevance standard for non-party discovery. *See Laxalt v. McCarthy*, 116 F.R.D. 455, 458 (D. Nev. 1986); *Amgen Inc. v. Samsung Bioepis Co.*, 2025 WL 1207594, at *5 (D.N.J. Apr. 24, 2025); *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) (citation omitted) (non-party status weighs "against disclosure"). Courts closely police the proportionality of discovery requests when the recipient of the subpoena is a nonparty, as here, because "[b]ystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). Thus, "courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive inquiry than the one governing discovery generally.'" *Id.* (quoting *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)). The Request and Subpoena also seek information from the FBI, a non-party, that may be available from other sources, including from KSA.

Further, as the investigation into the Naval Air Station Pensacola attack is ongoing, disclosure of the documents you seek "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." *See* 28 C.F.R. § 16.26(b)(5); *Pitts v. United States*, -- F. Supp. 3d --, 2026 WL 915679, *6 (N.D. Ga. Mar. 26, 2026) (quashing subpoena because the information sought from DOJ partially fell under Section 16.26(b)(5)).

Similarly, the law enforcement privilege shields the requested documents from disclosure. *See* 28 CFR §(a)(2). This privilege "protects from disclosure files and reports of criminal and civil law enforcement investigations." *Fed. Elec. Comm'n v. Rivera*, 335 F.R.D. 541, 547 (S.D. Fla. 2020) ("The purpose of the privilege is to prevent disclosure of law enforcement techniques and procedures . . . and otherwise prevent interference in an investigation.") (citing *United States v. Van Horn*, 789 F.2d 1492, 1507 (11th Cir. 1986)); *see also In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010) (law enforcement privilege protects "information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel or the privacy of individuals involved in an investigation, and information that would otherwise interfere with an investigation") (citation, internal quotation marks and alterations omitted); *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569 (5th Cir. 2006) (law enforcement privilege recognizes that "in today's times the compelled production of government documents could impact highly sensitive matters of national security."). "Under federal common law, there is a qualified privilege which protects disclosure of information contained in criminal investigations." *JTR Ent., LLC v. Unknown Qty of Col. Emeralds*, 297 F.R.D. 522, 529 (S.D. Fla. 2013) (citation omitted). "[T]he privilege may be raised by the department having control over the documents at issue." *Id.* As the district court in your litigation against KSA has found, "[i]nformation gathered during the investigation relates to sensitive matters of national security." *See* Dkt. 120 at 8.

3

The FBI also objects to your request to the extent it seeks other privileged information, including, but not limited to, information subject to the attorney-client privilege, the work product doctrine, and/or the deliberative process privilege. *See* 28 C.F.R. § 16.26(a)(2). Disclosure of inter-agency and intra-agency deliberations and advice may impair the federal government's decision-making functions because it tends to inhibit the frank and candid discussion necessary for effective government. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-51 (1975); *EPA v. Mink*, 410 U.S. 73, 87 (1973) (superseded on other grounds).

In addition, the FBI objects to the request to the extent it seeks the disclosure of information in any of the categories set forth in 28 C.F.R. § 16.26(b) and/or that is otherwise protected from disclosure by law, statute, regulation, or other authority or protection. For example, the disclosure of the materials requested would violate the grand jury secrecy rule, which prevents the disclosure of matters "occurring before the grand jury." *See* 28 C.F.R. § 16.26(b)(1); Fed. R. Crim. P. 6(e); *see also Doe v. U.S*, No. 08-CV-80736-KAM, 2015 WL 4077440 (S.D. Fla. Jul. 6, 2015) (denying access to materials that the Government presented to grand juries during their investigation); *In re Grand Jury Disclosure*, 550 F. Supp. 1171, 1177 (E.D. Va. 1982) ("The Court, concludes, therefore, that Rule 6(e) is applicable to subpoenaed documents."); *Pitch v. United States*, 953 F.3d 1226, 1232 (11th Cir. 2020) (en banc); *In re Grand Jury Investigation*, 610 F.2d 202, 216 (5th Cir. 1980) (secrecy requirement applies "not only to information drawn from transcripts of grand jury proceedings, but also to anything which may tend to reveal what transpired before the grand jury."). Thus, the FBI objects to the request to the extent it requests any documents obtained via a grand jury subpoena, on the grounds that any such documents would be protected from disclosure by the grand jury secrecy rule. *See* 28 CFR 16.26(b)(1). The information sought also contains classified information, which has not been declassified, and therefore is precluded from disclosure under Section 16.26(b)(3). The National Security Act of 1947, as amended, 50 U.S.C. § 3001 *et seq.*, protects information pertaining to intelligence sources and methods. Because your request seeks records concerning national security investigations conducted by the FBI, those records will include information related to intelligence sources and methods protected by the National Security Act.

Finally, an order from a court of competent jurisdiction as required by the Privacy Act has not been provided, nor has another basis for the production of records consistent with the Privacy Act been furnished.

Should you address the concerns raised in this letter and provide this office with the required information, we will review it in light of the relevant federal regulations and make a determination as to the propriety of the requested release of information. We note that the referenced provisions of the Code of Federal Regulations are not intended to, and do not, create any right or benefit, substantive or procedural, against the FBI. The FBI reserves its rights including, but not limited to, its rights under 28 C.F.R. §§ 16.21-16.29 and applicable law and reserves the right to assert any such privileges or objections that may be applicable, and your compliance with the referenced regulations may not obligate the FBI to release the information you seek. *Id.* If you have any questions or concerns, please contact me at 202-507-2162 or kpadmanabhan@fbi.gov.

4

Sincerely,

*s/ Kartic Padmanabhan*

Kartic Padmanabhan
Assistant General Counsel