**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| **BENJAMIN WATSON, JR., et al.** | |
| **Plaintiffs,** | **Case No.:** **3:21-cv-329-MCR-ZCB** |
| **v.** | |
| **KINGDOM OF SAUDI ARABIA,** | |
| **Defendant.** | |

## THE UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER

The United States of America hereby responds to "PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER GRANTING THE UNITED STATES' MOTION TO QUASH (DOC. 120)." *See* ECF 123.

The United States respectfully requests the Court to adopt the Magistrate Judge's order quashing Plaintiff's subpoena because his ruling was not clearly erroneous or contrary to law. The Magistrate Judge's Order it is supported by: (i) information provided during an entirely proper *in camera* hearing, (ii) DOJ's "rational conclusion" based on the relevant *Touhy* factors; and (iii) the arbitrary and capricious standard under the APA. Most of Plaintiffs' arguments – without any support – center on their belief that they, rather than the Court, should be the arbiter of the factual record. Plaintiffs' arguments are entirely apocryphal.

### A.    The Magistrate Judge's Order was not Clearly Erroneous or Contrary to Law.

"Under Fed. R. Civ. P. 72(a), the Court has the authority to modify or set aside [a magistrate judge's] order only if it is clearly erroneous or is contrary to law." *PEN Am. Ctr., Inc. v. Escambia Cnty. Sch. Bd.*, 787 F. Supp. 3d 1292, 1295 (N.D. Fla. 2024). "Clear error is a highly deferential standard of review. A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351-52 (11th Cir. 2005) (cleaned up). In the *Touhy* context, the factors that the agency "did or did not consider in making its decisions are issues of fact." *See, e.g., City of Pembroke Pines v. U.S. ICE*, 141 F. Supp. 3d 1330, 1334 (S.D. Fla. 2015).

Here, Plaintiffs incorrectly argue that the Magistrate Judge's order should be set aside "because of three fundamental legal errors." ECF 123 at 3. Plaintiffs are wrong. The Magistrate Judge's order accurately described: (i) the legal framework of DOJ's *Touhy* regulations, (ii) the Administrative Procedures Act "arbitrary and capricious" standard for judicial review of DOJ's *Touhy* decision, and (iii) after holding an *in camera* evidentiary hearing, that DOJ was not arbitrary and capricious in denying Plaintiffs' *Touhy* request. In other words, the Magistrate Judge found that DOJ's *Touhy* denial had a "rational conclusion" to the relevant factors. *See Sierra Club v. Flowers*, 526 F.3d 1353, 1360 (11th Cir. 2008) ("The court's role is to ensure

2

that the agency came to a rational conclusion, not to conduct its own investigation and substitute its own judgment for the administrative agency's decision."); *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990) ("To determine whether an agency decision was arbitrary and capricious, the reviewing court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."). Plaintiffs cannot show clear error in the Magistrate Judge's order.

### 1. *DOJ provided a sufficient explanation of its denial of Plaintiffs' Touhy request in accordance with the APA's arbitrary and capricious standard.*

Plaintiffs repeatedly complain of a lack of "supporting facts" regarding the government's ongoing investigation. *See, e.g.,* ECF 123 at 5, 7-10, 17. In doing so, they seek the following information: (i) "facts about the investigation's status, scope, or subject matter," (ii) "that any grand jury proceedings exists or ever existed," and (iii) "identify all responsive material [that] is classified, identify any category of classified material, or describe any segregability review." *See* ECF 123 at 8. It is axiomatic that DOJ cannot provide Plaintiffs with these "facts" – investigative methods, classified information, and grand jury materials – without eviscerating the underlying privileges that DOJ is trying to protect. *See U.S. v. Reynolds*, 345 U.S. 1, 9 (1953) ("[A] responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. If the

3

court is so satisfied, the claim of the privilege will be accepted without requiring further disclosure.") (citation omitted). This is precisely the purpose of the government's privileges – to prevent Plaintiffs from reviewing the government's protected information.

Here, DOJ provided sufficient reasoning to deny Plaintiffs' *Touhy* request. DOJ asserted the law enforcement investigatory privilege and protection of investigatory records, because of the (i) information obtained by DOJ and the FBI during the investigation, (ii) nature of the ongoing investigation, (iii) interference with enforcement proceedings, and (iv) disclosure of investigative techniques. *See* ECF 98-2. These grounds and explanation alone are sufficient to deny Plaintiffs' *Touhy* request and support the Magistrate Judge's Order upholding that denial. "[A] fundamental requirement of administrative law is that an agency set forth its reasons for decision; an agency's failure to do so constitutes arbitrary and capricious agency action." *See Amerijet Int'l, Inc. v. U.S. Dep't of Homeland Sec.*, 753 F.3d 1343, 1350 (D.C. Cir. 2014) ("[A] fundamental requirement of administrative law is that an agency set forth its reasons for decision."). In other words, DOJ's *Touhy* denial must indicate why it made its decision or its "grounds for denial." *Id.* at 1351 (citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut.Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) ("We will . . . uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned."). Likewise, DOJ also asserted privileges for grand

4

jury secrecy and classified information and provided its reasoning for doing so. ECF 98-2.

The Magistrate Judge found DOJ was not arbitrary and capricious in denying Plaintiffs' *Touhy* request; and provided a proper analysis of DOJ's findings for each of its asserted privileges:

- "[The] investigation remains open. Information gathered during the investigation relates to sensitive matters of national security . . . [such] that potential harm to ***law enforcement efforts*** might arise from disclosing the information requested by Plaintiffs." ECF 120 at 8-9.

- "Rule 6(e) mandates that . . . Department of Justice attorneys, must not disclose a matter occurring before the grand jury." ECF 120 at 11. [A] federal grand jury investigation was opened . . . [and] remains open." *Id*. at 11. The information requested by Plaintiffs "is the very type of information that the ***grand jury received*** as part of its investigation into the terrorist attack." *Id*. at 12.

- "Given the nature of the attack (a terrorist act by a member of a foreign military on U.S. soil) and the extensive scope of the investigation, the Court finds a rational basis for the Department's conclusion that disclosure of the requested information would reveal ***classified information***." ECF 120 at 13.

This does not show clear error by the Magistrate Judge.

### 2. The Magistrate Judge's in camera hearing was entirely proper and does not demonstrate clear error.

DOJ provided evidence *in camera* to the Magistrate Judge who agreed that, under the relevant legal standard, "the Department considered relevant factors, acted rationally, and did not make a 'clear error of judgment.'" ECF 120 at 14 (citing *Conservation All. of St. Lucie Cnty., Inc. v. U.S. Dep't of Transportation*, 847 F.3d

5

1309, 1320 (11th Cir. 2017)). Nothing more is needed to support DOJ's *Touhy* decision.

Not satisfied with DOJ's *Touhy* explanation and the Magistrate Judge's ruling, Plaintiffs next take issue with the Court's evidentiary hearing itself. *First*, DOJ disagrees with Plaintiffs' argument that in requesting a hearing DOJ "necessarily acknowledged" any deficiency in its *Touhy* denial. *See* ECF 123 at 8. *Second*, The Court properly held a hearing to "illuminate" DOJ's reasons for denying Plaintiffs' *Touhy* request. *See Olivares v. Trans. Sec. Admin.*, 819 F.3d 454, 464 (D.C.C. 2016) ("[T]he [declaration] furnishes an explanation of the administrative action that is necessary to facilitate effective judicial review. . . . The critical point is that the [declaration] contains 'no new rationalizations'; it is 'merely explanatory of the original record,' and thus admissible for our consideration.") (quoting *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973).[1]

---

[1] The Magistrate Judge's decision in quashing Plaintiff's motion could have been done without an evidentiary hearing as long as DOJ considered the ***relevant factors***, which it did in this case and set forth in its *Touhy* response. "To determine whether an agency decision was arbitrary and capricious, the reviewing court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990); *Westchester Gen. Hosp., Inc. v. Dep't of Health and Human Servs.*, 443 F. App'x 407, 410 (11th Cir. 2011) (finding that the agency adequately considered the relevant factors and that denying the discovery request was not arbitrary and capricious); *Miccosukee Tribe of Indians of Fla. v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009) (Under the APA, the court does not substitute its "judgment for the agency's as long as its conclusions are rational.").

Indeed, Federal courts regularly hold *in camera Touhy* hearings. *See, e.g., U.S. ex rel. O'Laughlin v. Rad'n Ther. Srv. PCS*, No. 0:16-CV-00148, 2023 WL 12007336, *7 (E.D. Ky. Jul. 27, 2023) (directing plaintiff to file the *Touhy* into the record, under seal and *ex parte*, so that the Court may examine it *in camera*); *Southeast'n PA Trans. Auth. v. Orrstown Finan. Serv., Inc.*, No. 1:12-cv-00993, 2022 WL 3567340, *18 (M.D. Pa. Aug. 18, 2022) (the court conducted an *in camera* review of information sought by a *Touhy* demand); *Agility v. Warehousing Co. KSC. V. Dept. of Defense*, 110 F. Supp. 3d 215 (D.C.C. 2015) (holding an *in camera Touhy* review of disputed privileged assertions); *Samadian v. Meade*, No. 3:10-CV-851-P, 2011WL 13180181, *9 (N.D. Tex. Dec. 22, 2011) (after an in camera review finding that information sought was protected by the law enforcement privilege).

In an instructive case, *Hickey v. Columbus Consol. Gov't*, No. 4:07-CV-096, 2008 WL 450561 (M.D. Ga. Feb. 15, 2008), the Court held an *in camera* hearing and "and received evidence that [was] relevant to the issue of whether the information Plaintiff seeks [was] privileged" regarding DOJ's investigatory records. *Id*. at *1. The *Hickey* court based its decision on the hearing and quashed plaintiff's subpoena finding that DOJ's decision "was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law for the Attorney General to conclude that the information sought by Plaintiff is privileged" as investigatory records. *Id*. at *4. In *Hickey*, Plaintiffs also sought to unseal a court order in a related

7

matter but the court declined to do so, "because unsealing the Order would reveal investigatory records compiled for law enforcement purposes and may disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." *Id*. at *5.

**B. Plaintiffs misunderstand the Administrative Record in the *Touhy* context.**

Plaintiffs wrongly argue that the Magistrate Judge's APA review "was impossible here because the Department never certified or produced the administrative record." ECF 123 at 2. What does this even mean? Plaintiffs apparently believe that ***they*** – rather than the Court – are entitled to review the administrative record and the "factual basis" supporting DOJ's decision. *See, e.g.,* ECF 123 at 8-11. Plaintiffs complain that "the substance of [the *in camera* proceeding] remains unavailable to Plaintiffs" and they have "had no opportunity to examine, assess, or respond to the factual assertions," and "Plaintiffs could not attend [and] consider[] evidence." *See* ECF 123 at 2, 11, 21. Plaintiffs further believe that they are entitled to know "why any investigation remains ongoing after the passage of six years." ECF 123 at 14. Plaintiffs provide no support for this argument, nor can they because it makes no sense. Indeed, it is the Court's role rather than Plaintiffs to review the United States' *Touhy* information and make this decision. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983) ("In reviewing [the agency's action], [the court] must consider whether the decision was

8

based on a consideration of the relevant factors and whether there has been a clear error of judgment.") (citations omitted).

As explained in the previous Section, Court's routinely conduct evidentiary hearings to review evidence in support of a *Touhy* response. *See Supra*. And in this case, the manner in which DOJ collected and presented the information to the Court is entirely supported by law. In particular, when DOJ receives a *Touhy* request it is processed internally for consideration in accordance with its *Touhy* regulations. DOJ does not simultaneously create an administrative record, nor is it required to do so. "There is, of course, nothing wrong with an agency compiling and organizing the complete administrative record after litigation has begun from all the files of agency staff involved in the agency action, as long as that record only contains documents considered by the staff prior to the agency action." *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 n. 2 (11th Cir. 1996).

DOJ provided the information it used in making its *Touhy* decision to the Magistrate Judge. The sealed record speaks for itself and the specifics of what "factual information" the government presented will not be discussed, because doing so would disclose privileged information and breach the Court's seal. The Magistrate Judge did not commit clear error in determining that DOJ considered the relevant factors in its *Touhy* decision. *See* ECF 120 at 7 ("Having carefully considered the

arguments of counsel and the information in the record (including the evidence provided during the in camera hearing) . . . The Department's denial was not arbitrary and capricious, an abuse of discretion, or otherwise contrary to law. Instead, the Department's determination was based on reasonable consideration of the relevant factors.").

Plaintiffs argue that *Kerr v. United States District Court*, 426 U.S. 394 (1976), "does not authorize what occurred," because "nothing in the record indicates that any responsive documents were examined here." ECF 123 at 10. But again, what the Magistrate Judge reviewed was done *in camera* and the sealed record speaks for itself. At bottom, *Kerr* supports the government's position: "this Court has long held the view that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege." *Kerr*, 426 U.S. at 405-406.

### C.    Plaintiffs' FBINAA argument does not change DOJ's *Touhy* denial.

Plaintiffs revisit their "SWAT Roundup" argument alleging involvement from the FBI. *See* ECF 123 at 17-19. But the FBI is a distinct agency from the USAO and their faulty argument has already been addressed in the government's earlier briefing and incorporated by reference herein. *See* ECF 106 at 9-10. At bottom, while the FBI is a component of DOJ, the two are not interchangeable as Plaintiffs now try to argue.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court to adopt the Magistrate Judge's order quashing Plaintiffs' subpoena.

Respectfully submitted,

JOHN P. HEEKIN
UNITED STATES ATTORNEY

*/s/ John C. Spaccarotella*
**John C. Spaccarotella**
Assistant United States Attorney
Florida Bar No: 1076233
21 E. Garden Street, Suite 300
Pensacola, FL 32502
Telephone:  850-444-4046
Fax: 850-434-9050
John.Spaccarotella@usdoj.gov
*Counsel for the United States of America*

## LOCAL RULE 7.1(F) CERTIFICATION

I certify that this paper contains 2474 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

## LOCAL RULE 5.1(F) CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing has been furnished via CM/ECF to all interested parties, this 12th day of August, 2026.

*/s/ John C. Spaccarotella*
**JOHN C. SPACCAROTELLA**
Assistant United States Attorney

11