**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| BENJAMIN WATSON, JR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. |
| | ) | 3:21-cv-00329-MCR-ZCB |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| KINGDOM OF SAUDI ARABIA | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MOTION FOR CLARIFICATION AS TO THE PENDING STAY OF**
**DISCOVERY  IN THIS MATTER**

Plaintiffs respectfully move for clarification regarding the Court's August 10 Order (Doc. 129). Plaintiffs file this Motion with the utmost respect for the Court. To the extent Plaintiffs have misunderstood or misinterpreted any prior Order, any such misunderstanding was unintentional and Plaintiffs' conduct has been in good faith.

Plaintiffs seek clarification because they understood the Court's prior Orders to stay discovery directed to the Kingdom of Saudi Arabia ("KSA") only while permitting third-party discovery to continue, along with tolling the deadline for completion of that discovery. The August 10 Order appears to reflect a different understanding of those prior Orders.

1

The Court first entered the stay on March 12, 2026. (Doc. 93). That Order expressly stayed and tolled the jurisdictional discovery period "as to Saudi Arabia only" (Doc. 93 at 1–2) and stated in a footnote that "Plaintiffs may continue third-party discovery, subject to Saudi Arabia's confidentiality or comity objections." (*Id*. at 2 n.1).

The subsequent extension orders appeared to maintain that same distinction. The March 26 Order extended the previously imposed stay "as to all discovery against the Kingdom of Saudi Arabia." (Doc. 95). Thereafter, the Court repeatedly extended the stay against Saudi Arabia while separately recognizing Plaintiffs' request that the "deadline for jurisdictional discovery of third parties also be tolled." (Docs. 97, 101, 105, 110, 116, 118).

Plaintiffs did not intend to request a stay of third-party discovery. Rather, Plaintiffs sought only to toll the *deadline* for completing third-party discovery so that the 90-day discovery period would not continue to run while discovery against KSA remained stayed. (Docs. 96, 100, 103, 109, 117).

Consistent with Rule 45(a)(4), Plaintiffs provided KSA with notice and a copy of each subpoena seeking documents before serving the subpoena on the third party. Thus, KSA received advance notice of the third-party discovery Plaintiffs were pursuing during the pendency of the stay and raised no objection to it.

2

Plaintiffs seek clarification to ensure that they fully understand the scope of the current stay and do not inadvertently act inconsistently with the Court's intent. Plaintiffs are presently engaged in ongoing discussions with several third parties concerning document productions that were initiated before the August 10 Order. Specifically, Plaintiffs seek clarification as to whether they may receive documents from third parties or communicate with third parties regarding the scope of documents currently being produced. Plaintiffs have cancelled the one third-party deposition that had been scheduled and have otherwise ceased all third-party discovery pending clarification from the Court.

Dated: August 12, 2026.                    Respectfully submitted,

/s/ Matthew S. Mokwa
Matthew S. Mokwa, Esq. (FL#47761)
**THE MAHER LAW FIRM, P.A.**
398 W. Morse Blvd., Suite 200
Winter Park, Florida 32789
Phone: (407) 839-0866
Fax: (407) 425-7958
mmokwa@maherlawfirm.com

Filed on Behalf of All Plaintiffs

Christopher G. Paulos Esq. (FL #91579)
**PAULOS LAW, P.A.**
1507 E. Gadsden St.
Pensacola, Florida 32501

Jeffrey McFadden, Esq. (FL #19052)
**LAW OFFICES OF JEFFREY E. McFADDEN, LLC**

3

Phone: (850) 308-3650
Fax: (850) 435-6067
cpaulos@pauloslaw.com

312 Prospect Bay Dr. E
Grasonville, MD 21638-1181
Phone:  (410) 490-1163
jmcfadden@jmcfaddenlaw.com

James P. Kreindler (NY
#1704980)
Daniel O. Rose (NY #2774271)
Andrew J. Maloney, III (NY
#2261659)
**KREINDLER & KREINDLER
LLP**
485 Lexington Ave., 28th Floor
New York, NY 10017
Phone: (212) 687-8181
Fax: (212) 972-9432
jkreindler@kreindler.com
drose@kreindler.com
amaloney@kreindler.com

 **Stephen I. Vladeck**
600 New Jersey Ave., N.W.
Washington D.C. 20001
(202) 662-9313
svladeck@gmail.com

David E. Harris (TX #24049273)
**SICO HOELSCHER HARRIS,
LLP**
819 N. Upper Broadway
Corpus Christi, TX 78401
Phone:(877) 631-9965
Fax: (361) 653-3333
dharris@shhlaw.com

4

## LOCAL RULE 7.1(C) CERTIFICATION

I hereby certify that, pursuant to Local Rule 7.1(B) and (C), Plaintiffs' counsel conferred with counsel for Defendant and Defendant takes no position on this motion and does not intend to file a response.

## LOCAL RULE 7.1(F) CERTIFICATION

I hereby certify that, pursuant to Local Rule 7.1(F) the foregoing Motion contains 417 words excluding the header and signature block.

## LOCAL RULE 5.1(F) CERTIFICATION

I hereby certify that on August 12, 2026 and in compliance with L.R. 5.1(F), I, Matthew S. Mokwa, electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system which sends notice to all parties or counsel of record that have entered appearances in this action.

*/s/ Matthew S. Mokwa*
Matthew S. Mokwa, Esq.

5