**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**BENJAMIN WATSON, JR., et al.,**

     **Plaintiffs,**

**v.**                                            **CASE NO. 3:21cv329-MCR-ZCB**

**KINGDOM OF SAUDI ARABIA,**

     **Defendant.**

_____/

## **ORDER**

Plaintiffs have moved for clarification of the Court's August 10 Order (ECF No. 129).  The motion for clarification, ECF No. 131, is **GRANTED** as follows:  All jurisdictional discovery, including all third-party discovery (document and deposition), and motion practice in this case is stayed until further order.  This has been the Court's intent and understanding since the filing of the Parties' status report of April 9, 2026, stating:  "Plaintiffs do not object to a further two-week stay and tolling of jurisdictional discovery against Saudi Arabia. *Plaintiffs request that their deadline for jurisdictional discovery of third parties also be tolled during that two weeks.*"  ECF No. 96 (emphasis added).  This request to toll the deadline was new and different from Plaintiff's original request that third-party discovery should continue subject to objections by Saudi Arabia.  *See* ECF Nos. 92 at 4 (status report), 93 n.1 (Order).  Indeed, a request to toll a deadline means to stop the activity, to

preserve the time remaining, and then to restart the clock later when the stay is lifted. *See Garner's Dictionary of Usage*, at 897 (Third ed. 2011) (stating "'toll means 'to abate' or 'to stop the running of'"). Plaintiffs now suggest that they intended to continue undertaking their third-party discovery but with no deadline, which effectively would have required a request to *extend* the deadline. That is not what Plaintiffs requested, and this is not what is meant by "tolling".

In any event, at this time, all activity should stop until the status conference is held on August 24, when the issue can be fully discussed. No third-party requests or productions should be made until the stay is lifted. In advance of the August 24 conference, Plaintiffs must file a status report of all third-party discovery, advising the Court of what third-party discovery requests have been sent, when they were sent, to whom they were sent, and what the response deadline is. The status report is due on or before 12:00 noon (CT) on August 21, 2026.

**DONE AND ORDERED** this 14th day of August 2026.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO3:21cv329-MCR-ZCB